KAREN BERARD, Indiv. and as Mother and Next Friend of Michael A. Berard *et al.*, Minors, and as Adm'r of the Estate of Michael E. Berard, Deceased, Plaintiffs and Counterdefendants-Appellees, v. EAGLE AIR HELICOPTER, INC., *et al.*, Defendants (JoAnne Berard, Indiv. and as Adm'r of the Estate of Ronald Berard, Deceased, Plaintiffs; McDonnell Douglas Helicopter Company, *et al.*, Defendants and Counterplaintiffs-Appellants).

Third District    No. 3—93—0482

Opinion filed February 14, 1994.

Cole, Grasso, Fencl & Skinner, Ltd., of Chicago (Charles H. Cole and S. Patrick McKey, of counsel), for appellants.

Elizabeth A. Klukas, of Block, Krockey, Cernugel & Cowgill, P.C., of Joliet (Michael Block, of counsel), for appellees.

JUSTICE LYTTON delivered the opinion of the court:

On August 2, 1988, Michael Berard was piloting a helicopter near Braceville with his father, Ronald Berard, as a passenger. The helicopter crashed, killing both Michael and Ronald. Michael was survived by his wife, Karen Berard, and two children; Karen was appointed special administrator of Michael's estate. Ronald was survived by his wife, JoAnne Berard, and one child; JoAnne was appointed special administrator of Ronald's estate. Karen and JoAnne jointly filed an eight-count complaint in Will County circuit court naming five defendants. Two of the defendants, McDonnell Douglas Helicopter Company (MDHC) and Schweizer Aircraft Company (SAC), filed a counterclaim for contribution against Karen as administrator of Michael's estate for Michael's alleged negligent operation of the helicopter.

After a trial on the issues, the jury returned a verdict of $2 million on behalf of Karen but found, on defendants' counterclaim, that Michael was 50% contributorily negligent in his own death and in the death of Ronald Berard. The trial court entered judgment on the verdict in favor of Karen against MDHC and SAC in the amount of $1 million, which was later reduced by agreement to $965,000. A

verdict was also returned in favor of JoAnne against MDHC and SAC in the amount of $520,000, reduced by agreement to $460,750.

The issue presented in this appeal arose when MDHC and SAC requested that one-half of the $460,750 paid to JoAnne, or $230,375, be set off against the $965,000 judgment entered on behalf of Karen. Karen refused the request.

After some negotiations, Karen, MDHC and SAC entered into a partial release and satisfaction in which Karen was paid $700,000. MDHC and SAC then presented Karen with a second release, indicating that the $700,000 represented a full and final satisfaction of the judgment. Karen refused to execute the second release.

MDHC and SAC moved for a satisfaction of judgment pursuant to section 12—183 of the Code of Civil Procedure. (735 ILCS 5/12—183 (West 1992).) The trial court denied the motion and MDHC and SAC appealed. We affirm.

This appeal, apparently for the first time, places two statutes, the Joint Tortfeasor Contribution Act (Contribution Act) (740 ILCS 100/ 0.01 et seq. (West 1992)), and the Wrongful Death Act (740 ILCS 180/ 0.01 et seq. (West 1992)), at odds with one another. The question we must answer is whether the Wrongful Death Act prevents a defendant from proceeding under the Contribution Act for a setoff against the surviving spouse's and next of kin's wrongful death award where the decedent was contributorily negligent in causing the death of another.

Illinois courts have held that the sole requirement for application of the Contribution Act is that the plaintiff's claim must be premised upon the same injury or occurrence under which the contribution action arises. (Higginbottom v. Pillsbury Co. (1992), 232 Ill. App. 3d 240, 246, 596 N.E.2d 843, appeal denied (1992), 146 Ill. 2d 627.) Tortfeasors need not be joint in the strict sense (that their acts are simultaneous or that they act in concert) in order for the Contribution Act to apply. (Yanan v. Ewing (1990), 205 Ill. App. 3d 96, 99, 562 N.E.2d 1243.) The effect of the Contribution Act, when applicable, is that a settlement between one tortfeasor and the plaintiff will result in an equal reduction, or set off, in the amount of any judgment entered against a nonsettling tortfeasor. Yanan, 205 Ill. App. 3d at 99, citing Ill. Rev. Stat. 1987, ch. 70, par. 302(c) (now codified at 740 ILCS 100/ 2(c) (West 1992)).

MDHC and SAC argue that because JoAnne's claim for injuries arose out of the same accident with the same defendants in which Karen was a defendant in the counterclaim, Karen should be liable for contribution because the jury found Karen's decedent was 50% contributorily negligent in causing JoAnne's damages. Such a holding

would place Michael's estate in a better position than it would have been in had Michael survived the occurrence.

Karen denies that MDHC and SAC have a right to contribution because the Contribution Act simply does not apply to these facts. Karen argues that MDHC and SAC cannot recover contribution amounts from Karen or Michael's children as beneficiaries of the wrongful death suit because they cannot be considered joint tortfeasors. We agree.

Under the Wrongful Death Act, "the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person and in every such action the jury may give such damages *** to the surviving spouse and next of kin of such deceased person." (740 ILCS 180/2 (West 1992).) Illinois courts have interpreted this portion of the Wrongful Death Act to mean that monies recovered under the Act are not part of the estate of the deceased, but rather belong to the surviving spouse and next of kin of the deceased. As such, the Wrongful Death Act was designed "to exclude creditors from any benefit of [the award], and to prevent its passing by virtue of any provisions of the will of the deceased." *City of Chicago v. Major* (1857), 18 Ill. 349, 358; see also *National Bank v. Podgorski* (1978), 57 Ill. App. 3d 265, 266-67, 373 N.E.2d 82, quoting Horsley, *Wrongful Death Act,* 1967 U. Ill. L.F. 93, 105-06.

In resolving this issue, we must focus on the legal entities involved in the case. Karen sued individually and as mother and next friend of her two children and as administrator of Michael's estate. Under the Wrongful Death Act, the award flows directly to the surviving spouse and the next of kin. The award does not vest in the decedent's estate. The policy reasons for this are clear: the legislature designed the Act to protect the heirs from creditors and to prevent any distribution from passing according to the provisions of the decedent's will. *City of Chicago v. Major* (1857), 18 Ill. 349, 358.

Of course, MDHC and SAC may pursue their contribution claim against Michael's estate because the estate is responsible for discharging his debts and liabilities. That, however, is the basis of a different action and is not relevant to the disposition of the instant appeal.

For the above-stated reasons, the order of the circuit court of Will County is affirmed.

Affirmed.

BARRY and STOUDER, JJ., concur.