FOURTH DIVISION
February 7, 2008

No. 1-06-2339

| | | |
|---|---|---|
| MICHAEL IAN BENDER, as Special Administrator | ) | Appeal from the |
| of the Estate of LAWANA D. BARTON, a/k/a | ) | Circuit Court of |
| Tawana Barton, Deceased, | ) | Cook County. |
| | ) | |
|      Plaintiff-Appellant, | ) | |
| | ) | |
| DENISE EIRING, GLENKIRK, LEONARD YOUNG, | ) | |
| SHERIDAN MEDICAL CENTER, LTD., | ) | |
| LIVIA E. HANTOS, YVONNE JURCIK, M.D., | ) | |
| S.C., DRS. JURCIK AND HANTOS, S.C., | ) | |
| RAMON M. VILLANUEVA, NORTHWEST | ) | No. 02 L 2535 |
| COMMUNITY HOSPITAL, MEDICAL EMERGENCY | ) | |
| SERVICES ASSOCIATES (MESA), INC., EM CARE | ) | |
| SERVICES OF ILLINOIS, INC., SACHIDANANDA | ) | |
| SHASTRI, ANDREW PUNDY, ALLEN KUO, | ) | |
| LUTHERAN GENERAL HOSPITAL, | ) | |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, WALGREEN COMPANY, and | ) | |
|  WALGREEN PROPERTIES, INC., | ) | Honorable |
| | ) | Bill Taylor, |
|      Defendants-Appellees. | ) | Judge Presiding. |

JUSTICE O'BRIEN delivered the opinion of the court:

Plaintiff, the special administrator of the estate of Lawana D. Barton, a/k/a Tawana Barton (decedent), brought a negligence action against the defendants on behalf of certain of the decedent's next of kin for wrongful death, survival, and loss of society. The circuit court entered summary judgment in favor of the defendants on the decedent's parents' claims for loss of society, based on the court's conclusion that the parents could not be considered next of kin under the Wrongful Death Act (740 ILCS 180/1 et seq. (West 1996)) because they had signed disclaimers in the probate court relinquishing any interest in the assets of the deceased's estate. On appeal,

plaintiff contends the trial court erred in finding that the disclaimers barred the parents' claims for loss of society damages.  We affirm.

The Department of Children and Family Services (DCFS) obtained custody of the decedent, then age 14, in April 1991 to protect her from her mother's neglect.  Following a dispositional hearing held on January 9, 1992, the juvenile court found the decedent's biological parents unwilling to care for, protect, train or discipline her, despite reasonable efforts provided by DCFS to make it possible for the decedent to return to her mother.   The decedent was adjudged a ward of the court and DCFS was appointed her guardian.  The decedent remained under the guardianship of DCFS, and the dispositional order remained in effect, until her death on November 20, 1997.

Within six months of her death, the Cook County Public Guardian filed a petition for adjudication of parental neglect in probate proceedings.  This petition, filed on May 18, 1998, sought to negate "any interest [the decedent's] mother or father may have had in her estate."  The petition represented that her parents had "willfully failed to provide for her care or her support" during the entire time that the decedent was in the custody of DCFS from April 1991 until the day of her death on November 20, 1997, and that the parents should not receive any portion of the decedent's estate based on "their complete and total abdication of their parental duties to provide care, support and protection."

In connection with these probate proceedings, the decedent's biological parents thereafter executed notarized disclaimers that were accepted and spread of record on March 4, 1999.  Each disclaimer stated in pertinent part that the parents each:

"Hereby disclaim, reject, renounce and refuse to accept all of my rights, title and interest in and to the Estate of Lawana Barton, a.k.a. Tawana Barton (Estate). I irrevocably and voluntarily execute this Disclaimer. I fully understand and accept that I will, for legal purposes, be deemed by the laws of the State of Illinois as predeceasing my daughter, Lawana Barton, a.k.a. Tawana Barton, with respect to the assets in her Estate."

On March 4, 1999, the probate court entered an order stating that, "[b]ased on the Court's acceptance of the disclaimers executed by the deceased's biological parents, James Snyder and Cynthia Barton will be treated as if they both predeceased the decedent."

On May 22, 1999, the special administrator of the estate of Lawana Barton filed a multi-count complaint seeking to recover damages under section 2 of the Wrongful Death Act (740 ILCS 180/2 (West 1996)) and Survival Act (755 ILCS 5/27-6 (West 1996)). The various counts alleged that as a result of negligence, decedent suffered a seizure while in foster care that led to her death and caused certain of her next of kin to sustain pecuniary losses, including losses of society, services, and companionship. The defendants named in the action included the foster mother, Denise Eiring, and Glenkirk, an Illinois foster care organization that contracted with the State of Illinois, along with the hospital, physicians and others involved in the decedent's medical care and treatment.

The trial court granted partial summary judgment in favor of all defendants with respect to the claims of the natural parents and barred their recovery under the Wrongful Death Act. The trial court relied on the duly executed disclaimers signed by the parents and the probate order whereby the parents were deemed to have predeceased the decedent with respect to the assets in

No. 1-06-2339

her estate.

Plaintiff filed a motion to reconsider, which the trial court denied, stating:

"All right. As to the motion to reconsider, those arguments have already been made in the original motion. While I understand plaintiff's attempts to distinguish their, the parents' right to, *** their legal fiction of predeceasing their daughter in terms of her estate, I find that *** by signing that document they cannot take as survivors because under the legal fiction they're not alive at this time. And if they're not alive at this time, they don't have right of survivorship."

After the trial court ruled on the motion to reconsider, plaintiff filed a motion for leave to file an affidavit from the biological father. The affidavit stated that the biological father had been blind since 1991, and that when he signed the disclaimer on or about January 27, 1999, he understood that he was giving up any interest in his daughter's assets and possessions, but not any rights to "personal losses or damages that [he] could suffer or that [he] now [has] suffered because of her death." On November 4, 2005, the trial court granted the plaintiff leave to file the affidavit, but again denied the motion to reconsider.

On June 28, 2006, the trial court granted the plaintiff's motion for a Rule 304(a) (210 Ill. 2d R. 304(a)) finding that there was no just reason to stay enforcement or delay appeal from the earlier order granting summary judgment in the defendants' favor against the parents on their claims for loss of society under the Wrongful Death Act. This timely appeal followed.

Summary judgment is appropriate where the pleadings, depositions and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the

4

moving party is entitled to judgment as a matter of law. <u>Adams v. Northern Illinois Gas Co.</u>, 211 Ill. 2d 32, 43 (2004). Review is <u>de novo</u>. <u>Adams</u>, 211 Ill. 2d at 43.

The issue on appeal is whether the biological parents' disclaimers in the probate proceedings, relinquishing any interest in the decedent's estate and being deemed as predeceasing the decedent with respect to assets of her estate, thereafter bar the parents from sharing in the proceeds of a wrongful death action for loss of society arising from the decedent's death. Plaintiff contends that the wrongful death action for loss of society is not an asset of the decedent's estate and, thus, that the parents' disclaimers do not bar their claims for loss of society damages. Defendants contend that the wrongful death action for loss of society is an asset of the decedent's estate and, as such, the parents' disclaimers bar them from recovering.

At common law, there was no cause of action to recover damages for the wrongful death of a decedent. <u>Mio v. Alberto-Culver Co.</u>, 306 Ill. App. 3d 822, 825 (1999). In enacting the Wrongful Death Act, the legislature created an independent cause of action for damages arising from the decedent's death caused by wrongful act, neglect, or default. <u>Mio</u>, 306 Ill. App. 3d at 825. The Wrongful Death Act states: "Every [wrongful death] action shall be brought by and in the names of the personal representatives of such deceased person ***." 740 ILCS 180/2 (West 1996). Thus, only the decedent's personal representative is permitted to file a claim under the Wrongful Death Act; the statute does not authorize the filing of individual causes of action. <u>Glenn v. Johnson</u>, 198 Ill. 2d 575, 584 (2002). Further, the Wrongful Death Act provides that "the amount recovered in every [wrongful death] action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person ***." 740 ILCS 180/2 (West 1996).

5

The purpose of this provision is to compensate the surviving spouse and next of kin for the pecuniary losses sustained as a result of the decedent's death. Mio, 306 Ill. App. 3d at 825.

Section 2.1 of the Wrongful Death Act also provides:

"In the event that the only asset of the deceased estate is a cause of action arising under this Act, and no petition for letters of office for his or her estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action." (Emphasis added.) 740 ILCS 180/2.1 (West 1996).

Thus, the legislature has expressed its clear intent that a cause of action under the Wrongful Death Act, such as the wrongful death action for loss of society damages at issue here, is an asset of the deceased estate. The appellate court also has held that a wrongful death action is an asset of the deceased estate. See Mio, 306 Ill. App. 3d at 826 (holding that "the only asset of [the decedent's] estate was the wrongful death action.") Also, the wrongful death action here was filed by the plaintiff as the administrator of the decedent's estate and, as such, any money recovered under the wrongful death action will go to the estate. For all these reasons, the wrongful death action here, including the claims for the parents' loss of society damages, is an asset of the decedent's estate. Therefore, the parents' disclaimers, in which they renounced any interest in the decedent's estate and were deemed to have predeceased the decedent with respect to the assets of her estate apply here to bar the parents from recovering for loss of society damages. No genuine issues of material fact exist, and defendants are entitled to judgment as a

6

matter of law. Accordingly, we affirm the grant of summary judgment in favor of defendants.

Plaintiff argues that <u>Berard v. Eagle Air Helicopter, Inc.</u>, 257 Ill. App. 3d 778 (1994), compels a different result. <u>Berard</u> and the case cited therein, <u>City of Chicago v. Major</u>, 18 Ill. 349 (1857), addressed whether a creditor of the deceased has any interest in or right to the benefits of a judgment recovered under the Wrongful Death Act. Noting that the amount recovered in an action under the Wrongful Death Act is for the "exclusive benefit" of the surviving spouse and next of kin of such deceased person (see 740 ILCS 180/2 (West 1992)), the respective courts in <u>Berard</u> and <u>City of Chicago</u> held that creditors are excluded from any benefit of the award. See <u>Berard</u>, 257 Ill. App. 3d at 781; <u>City of Chicago</u>, 18 Ill. 349. The present case does not involve a creditor claiming an interest in or the right to the benefits of an award under the Wrongful Death Act and thus neither <u>Berard</u> nor <u>City of Chicago</u> compels a result different from the one reached here.

Plaintiff also argues that the disclaimers are ambiguous and subject to more than one interpretation and, therefore, that the biological father's affidavit is admissible as parol evidence to interpret the language of the disclaimers. Plaintiff's contention is without merit. The disclaimers unambiguously state that the parents are relinquishing their interest in the decedent's estate and are deemed to have predeceased the decedent with respect to the assets of her estate. There is no ambiguity and the father's affidavit does not compel a result different from the one reached here.

Plaintiff argues that the probate order whereby the parents were deemed to have predeceased the decedent with respect to the assets of her estate did not apply to the parents' claims for loss of society. Plaintiff's contention is without merit, as we have discussed above.

7

No. 1-06-2339

For the foregoing reasons, we affirm the circuit court.

Affirmed.

NEVILLE, P.J., and CAMPBELL, J.*, concur.

*The original panel that sat for oral arguments in this cause was Justice O'Brien, Presiding Justice Neville and Justice Murphy. Following oral arguments, Justice Murphy had to recuse himself. Justice Campbell was then assigned to replace Justice Murphy in this cause, and has read the briefs and listened to the audio tape of said arguments.