# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Estate of Powell v. John C. Wunsch, P.C.*, 2013 IL App (1st) 121854

---

| | |
|---|---|
| Appellate Court Caption | THE ESTATE OF PERRY C. POWELL, a/k/a Perry Smith, Jr., a Disabled Person, by Robert F. Harris, Cook County Public Guardian, Plaintiff-Appellant, v. JOHN C. WUNSCH, P.C., an Illinois Professional Corporation; PHILLIPS LAW OFFICES, LTD., an Illinois Corporation; JOHN C. WUNSCH, an Individual; JEREMY L. DERSHOW, an Individual; JILL M. WEBB, an Individual; and LEONA SMITH, an Individual, Defendants-Appellees. |
| District & No. | First District, Third Division<br>Docket No. 1-12-1854 |
| Filed | March 29, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a legal malpractice action arising from defendants' representation of decedent's wife, daughter and disabled son in the litigation and settlement of a wrongful death action against decedent's medical providers, the trial court properly dismissed the first count of the disabled son's complaint alleging that he was deprived of his full share of a $5,000 settlement he received in the wrongful death action due to defendants' negligent failure to provide for supervision of the distribution by the probate court, since the Wrongful Death Act only requires court supervision for settlements in excess of $5,000, but the dismissal of the count alleging negligence with regard to the distribution of a settlement exceeding $5,000 was reversed, because plaintiff alleged that defendants did not petition the court to appoint a guardian for plaintiff in order to protect his interest in the settlement. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-L-9584; the Hon. Kathy M. Flanagan, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed in part and reversed in part; cause remanded. |
| Counsel on Appeal | Roetzel & Andress, LPA, of Chicago (Mark D. Belongia, Richard K. Hellerman, and Harry O. Channon, of counsel), for appellant. |
| | Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton (Patricia L. Argentati, and Shana A. O'Grady, of counsel), for appellees John C. Wunsch, P.C., John C. Wunsch, and Jeremy L. Dershow. |
| | Konicek & Dillon, P.C., of Geneva (Daniel F. Konicek, Amir R. Tahmassebi, and Michael J. Corsi, of counsel), for appellees Phillips Law Offices, Ltd., and Jill M. Webb. |
| Panel | JUSTICE STERBA delivered the judgment of the court, with opinion. Justices Hyman and Pierce concurred in the judgment and opinion. |

## OPINION

¶ 1    Plaintiff-appellant estate of Perry C. Powell, a/k/a Perry Smith, Jr., appeals the dismissal of his legal malpractice counts against defendants-appellees John C. Wunsch, P.C., Phillips Law Offices, Ltd., John C. Wunsch, Jeremy L. Dershow and Jill M. Webb (hereinafter collectively referred to as defendants) pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2010)), on the basis that he failed to sufficiently plead the duty and proximate cause elements of a legal malpractice cause of action. Powell is a disabled adult and the public guardian is bringing this legal malpractice action on his behalf. In the underlying legal proceeding that led to Powell's legal malpractice claims, the circuit court entered an order approving two settlements reached in that action. The amount allocated to Powell in the first settlement totaled $5,000 and totaled $118,091.34 in the second settlement. Powell asserts that the settlement amounts were not distributed through the probate court as required by section 2.1 of the Illinois Wrongful Death Act (Act) (740 ILCS 180/2.1 (West 2008)). Powell claims on appeal that the circuit court erred in dismissing his legal malpractice counts because defendants owed a duty to him, as a decedent's next of kin, even though he was not defendants' direct client. Powell also claims on appeal that he sufficiently pled the proximate cause element because if a guardian had been appointed to administer and distribute his settlement funds, then he would still have access to those funds. For the reasons that follow, we affirm in part, reverse in part and remand for further proceedings.

¶ 2                                    BACKGROUND

¶ 3        When reviewing a circuit court's ruling on a section 2-615 motion to dismiss, this court must accept as true all well-pleaded facts. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). The following facts are obtained from the pleadings contained in the record.

¶ 4        The circuit court adjudicated Powell disabled due to profound disability on April 25, 1997, and appointed his parents, Leona Smith and Perry Smith, to serve as co-guardians of his person, but they were not appointed to serve as a guardian of his estate. Perry died on April 11, 1999, from surgical complications. He was survived by his wife, Leona, and his two children, Powell and Emma Smith. On April 12, 1999, Leona executed an attorney-client agreement with the John C. Wunsch, P.C., for the purpose of bringing a wrongful death action against the medical providers who treated Perry before his death. Perry died intestate and his estate had no assets. Also, no petition for letters of office of Perry's estate were filed with the probate court.

¶ 5        On January 31, 2001, Leona filed a petition to appoint a special administratrix (petition for appointment) naming herself as the special administratrix of Perry's estate. The petition for appointment identified Leona, Powell and Emma as Perry's next of kin and stated that they were entitled to recover under the Act and the Illinois Survival Act (755 ILCS 5/27-6 (West 2010)). The circuit court approved the petition for appointment and appointed Leona as special administratrix of Perry's estate.

¶ 6        On January 31, 2001, John C. Wunsch, P.C., filed a complaint in the circuit court entitled Leona Smith, Individually and as Special Administratrix of the Estate of Perry Smith v. Bradley Coolidge, M.D., *et al.*" The complaint was amended on September 7, 2004, and included five counts under the Act, one count under the Illinois Survival Act and one count under the Rights of Married Persons Act (hereafter Family Expense Act) (750 ILCS 65/15 (West 2010)). On January 31, 2005, Leona filed an amended verified petition for settlement and distribution of wrongful death case (first settlement) seeking the circuit court's approval of a settlement reached with certain named defendants in the wrongful death action. After attorney fees and costs, the amount distributable to Leona, as special administratrix, totaled $15,000. Leona, Emma and Powell were identified as Perry's surviving next of kin. The first settlement identified Powell as a disabled adult and Leona as his sole keeper and provider. Each of the next of kin was to receive $5,000 under this settlement. The circuit court entered an order of settlement and distribution of wrongful death case approving the first settlement. According to the order, Powell's settlement distribution of $5,000 was to be paid to Leona.

¶ 7        On October 15, 2005, John C. Wunsch, P.C., referred the action to Jill Webb, who was an attorney at the Phillips Law Offices, because the primary attorney at John C. Wunsch, P.C., who worked on the action disassociated with the firm and the remaining attorneys at John C. Wunsch, P.C., decided that they were unable to take the wrongful death action to trial. On that same day, Leona executed an attorney-client agreement with the Phillips Law Offices to continue litigating the underlying wrongful death action. On November 1, 2005, the Phillips Law Office, Webb, and John C. Wunsch, P.C., participated in settlement negotiations with the remaining defendants in the underlying wrongful death action and

settled the underlying action for $350,000 (second settlement). On November 14, 2005, Leona, through the attorneys at the Phillips Law Offices, filed a petition to approve the second settlement and order distribution of the settlement funds. Leona, Emma and Powell were listed as Perry's heirs, and Powell was identified as Perry's son and having physical disabilities that prevented him from working outside the home, earning an independent living or living independently. On November 28, 2005, the circuit court entered an order approving the second settlement and distributing $118,091.35 to Leona and $118,091.34 to Powell. Emma waived her right to any of the second settlement proceeds.

¶ 8     In approximately 2008, Emma became concerned about Powell's hygiene and well-being after visiting him at Leona's home. On December 5, 2008, Emma petitioned the probate court to remove Leona as guardian of Powell's person, or to appoint her as co-guardian, because Leona had become incapable of providing the necessary care to Powell. This petition also asserted that the funds distributed to Powell from the second settlement were deposited into a joint bank account in Powell's and Leona's names. The petition further alleged that Powell's funds from the second settlement were not being expended toward his care.

¶ 9     On January 23, 2009, the probate court entered an order appointing James Dunneback as guardian *ad litem* for Powell. On February 2, 2009, Dunneback filed an emergency petition to appoint a temporary guardian of Powell's person and seeking to suspend Leona's authority as guardian. On June 9, 2009, the probate court entered an order removing Leona as Powell's guardian of his person and appointing Emma as the plenary guardian of Powell's person. On July 8, 2009, the probate court appointed the public guardian as plenary guardian of the estate of Powell.

¶ 10    The public guardian filed a complaint against defendants and filed an amended complaint, second amended complaint, third amended complaint and fourth amended complaint. The fourth amended complaint (complaint) included the following counts: (1) professional negligence against John C. Wunsch, P.C., John C. Wunsch, and Jeremy L. Dershow (Wunsch defendants); (2) professional negligence against the Phillips Law Offices, Ltd., Jill M. Webb, John C. Wunsch, P.C., and John C. Wunsch; (3) fraud against Leona; (4) breach of fiduciary duty against Leona; and (5) unjust enrichment against Leona.

¶ 11    Wunsch defendants filed a section 2-619 motion to dismiss the complaint, an amended section 2-619 motion to dismiss the amended complaint, a section 2-615 motion to dismiss the second complaint, a section 2-615 motion to dismiss the third amended complaint and a section 2-615 motion to dismiss the fourth amended complaint. Phillips Law Offices and Webb (Phillips defendants) filed a section 2-615 motion to dismiss the complaint, a section 2-619 motion to dismiss the amended complaint, a section 2-615 motion to dismiss the second amended complaint, a section 2-615 motion to dismiss the third amended complaint and a section 2-615 motion to dismiss the fourth amended complaint. In both of the section 2-615 motions to dismiss filed by defendants, they argued that the allegations in the complaint were conclusory and that the necessary element in a legal malpractice claim of duty could not be established because an attorney-client relationship was not formed with Powell.

¶ 12    On June 18, 2012, the circuit court granted defendants' section 2-615 motion to dismiss

with prejudice the legal malpractice counts from Powell's complaint. The circuit court ruled that the complaint failed to state a cause of action because Powell pled conclusory and unsupported allegations to establish the duty and proximate cause elements. The circuit court reasoned that there was no duty to Powell because the attorney-client relationship was to benefit Perry's estate and not the estate beneficiaries. The circuit court also reasoned that Powell failed to sufficiently plead that "but for" defendants' failure to protect his interests in the settlements, he would have received more money. Powell timely appealed.

¶ 13                                ANALYSIS

¶ 14    Powell contends on appeal that the circuit court erred in granting defendants' section 2-615 motion to dismiss on the basis that defendants did not owe him a duty because there was no attorney-client relationship, and that he did not sufficiently plead facts establishing that defendants' negligent acts proximately caused an injury to him. For a plaintiff to prevail on a legal malpractice claim, he must plead and prove that his counsel owed him a duty arising from the attorney-client relationship, that counsel breached that duty, and that as a proximate result of the breach, he suffered an injury. *Tri-G, Inc. v. Burke, Bosselman & Weaver*, 222 Ill. 2d 218, 225 (2006). The attorney's negligence must have proximately caused damages to the plaintiff for him to prevail on a legal malpractice count. *Id.* at 226. The plaintiff's burden is to plead "facts which, if true, establish a proximate causal relationship between the negligence of the attorney and the damages alleged to have been suffered as a consequence thereof." *Metrick v. Chatz*, 266 Ill. App. 3d 649, 654 (1994).

¶ 15    A section 2-615 motion to dismiss attacks "the legal sufficiency of a complaint based on defects apparent on its face." *Pooh-Bah Enterprises, Inc.*, 232 Ill. 2d at 473. A circuit court should grant a section 2-615 motion to dismiss only if "it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief." *Id.* When ruling on a section 2-615 motion to dismiss, a circuit court may consider only the "facts apparent from the face of the pleadings, matters of which the court can take judicial notice, and judicial admissions in the record." *Id.* A court must accept as "true all well-pleaded facts and all reasonable inferences that may be drawn from those facts." *Id.* Mere conclusions of law or facts unsupported by specific factual allegations in a complaint are insufficient to withstand a section 2-615 motion to dismiss. *Id.* This court reviews the circuit court's granting of a section 2-615 motion to dismiss *de novo*. *Phoenix Insurance Co. v. Rosen*, 242 Ill. 2d 48, 54 (2011).

¶ 16    Turning first to the duty element of a legal malpractice action, we must decide in the case *sub judice* whether defendants litigating the wrongful death action owed Powell a duty to ensure that his portion of the settlement proceeds received as a next of kin in the underlying wrongful death action were distributed in accordance with the Act. To find that defendants owed Powell a duty, an attorney-client relationship must have existed between them, or Powell must have been an intended beneficiary of such a relationship. Powell contends that an attorney-client relationship existed based on his classification as Perry's next of kin and defendants were retained by the special administratrix of Perry's estate to bring a wrongful death action against the underlying defendants-doctors.

¶ 17    Defendants respond[1] that Powell failed to plead sufficient facts in his complaint establishing a duty under Illinois law. Defendants claim that they did not have a direct attorney-client relationship with Powell and he was not an intended beneficiary of the contractual relationship that they did have with Leona, as special administratix of Perry's estate. Defendants maintain that the circuit court did not err in dismissing Powell's complaint pursuant to section 2-615 because he failed to establish that defendants owed him a duty, which is a required element in a legal malpractice cause of action.

¶ 18    In the case *sub judice*, the record clearly establishes, and defendants do not dispute, that defendants were retained to bring a wrongful death action pursuant to the Act against the underlying defendant doctors. Section 2 of the Act, which addresses the parties to a suit, provides, in relevant part:

> "Every such action shall be brought by and in the names of the personal representatives of such deceased person, and, except as otherwise hereinafter provided, *the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person*. In every such action the jury may give such damages as they shall deem a fair and just compensation with reference to the pecuniary injuries resulting from such death, including damages for grief, sorrow, and mental suffering, to the surviving spouse and next of kin of such deceased person.
>
> The amount recovered in any such action shall be distributed by the court in which the cause is heard or, in the case of an agreed settlement, by the circuit court, to each of the surviving spouse and next of kin of such deceased person in the proportion, as determined by the court, that the percentage of dependency of each such person upon the deceased person bears to the sum of the percentages of dependency of all such persons upon the deceased person." (Emphasis added.) 740 ILCS 180/2 (West 2008).

Section 2.1 of the Act addressing the distribution of proceeds states the following, in pertinent part:

> "If a judgment is entered or the action is settled in favor of the special administrator, he or she shall distribute the proceeds as provided by law, except that if proceeds in excess of $5,000 are distributable to a minor or person under legal disability, the court shall allow disbursements and fees to the special administrator and his or her attorney and the balance shall be administered and distributed under the supervision of the probate division of the court if the circuit court has a probate division." 740 ILCS 180/2.1 (West 2008).

The Act's intended purpose is to create a cause of action for an individual's death caused by the wrongful act, neglect or default of another. *Pasquale v. Speed Products Engineering*, 166 Ill. 2d 337, 360 (1995). A wrongful death action serves to compensate a decedent's surviving spouse and the next of kin for the pecuniary losses resulting from the decedent's death. *Id*. A decedent's personal representative is the only party that may bring a wrongful death action.

---

[1]Because the Wunsch defendants and Phillips defendants raise similar arguments in their briefs on appeal, their arguments will be addressed in a collective manner in this opinion, unless otherwise stated.

*Id*. at 361. Although a decedent's personal representative brings a wrongful death action, "the legislative intent is that the claims are those of the individual beneficiaries." *Wilbon v. D.F. Bast Co.*, 73 Ill. 2d 58, 68 (1978).

¶ 19    For purposes of this appeal, we accept as true Powell's factual assertion that he was Perry's next of kin, and the record contains ample support for accepting that assertion as true. For instance, the record includes the amended complaint filed by Wunsch defendants on September 7, 2004 against the underlying defendant doctors that identified Powell as Perry's son in each of the seven counts raised in that complaint. The record also includes a letter written by attorney Dershow at John C. Wunsch, P.C. on May 1, 2003, to opposing counsel that identified Powell as Perry's son, and it stated that Powell had a mental condition that prevented him from testifying at trial. The letter further stated that "it should *not* be assumed that there has been any waver [*sic*] of rights under the Illinois Wrongful Death Act pertaining to the interests of Perry Smith, Jr. Plaintiff, therefore, is preserving and protecting the rights of Perry Smith, Jr. as a heir of the decedent under the Illinois Wrongful Death Act." (Emphasis in original.) Accordingly, Powell should be considered a next of kin in the instant appeal for purposes of determining whether defendants owed him a duty. Because Powell was a next of kin, the Act was intended to compensate him, in addition to Leona, as a surviving spouse, and his sister Emma, also as a next of kin, for the pecuniary losses resulting from Perry's death. *Pasquale*, 166 Ill. 2d at 360.

¶ 20    Next, we turn to the nature of the attorney-client relationship between defendants and the next of kin. In the case *sub judice*, the record establishes that Leona executed the attorney-client agreements with defendants for the purpose of pursuing a wrongful death action against the underlying defendant doctors, and the circuit court granted her petition to be named as special administratrix of Perry's estate. According to the Act, wrongful death actions are brought in the name of the decedent's personal representative, but, unless otherwise provided, the surviving spouse and next of kin are statutorily identified as the beneficiaries of such a cause of action. See 740 ILCS 180/2 (West 2008) (stating that "the amount recovered in every [wrongful death] action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person"). Moreover, "[a]n attorney retained by a special administrator of an estate to prosecute a wrongful death action for the benefit of the next of kin owes a fiduciary duty to those beneficiaries." *Baez v. Rosenberg*, 409 Ill. App. 3d 525, 535 (2011). Accordingly, the next of kin are the intended beneficiaries of a wrongful death cause of action and the attorneys litigating that case do owe a duty to the next of kin.

¶ 21    We acknowledge that defendants did not directly enter into an attorney-client relationship with Powell, but such a relationship is not necessary because a wrongful death action, even though it is not brought by the next of kin, is litigated for the exclusive benefit of the next of kin. 740 ILCS 180/2 (West 2008). Moreover, each next of kin is prohibited under the Act from bringing separate causes of action against defendants in a wrongful death action because such an action may only be brought by the decedent's personal representative. *Bender v. Eiring*, 378 Ill. App. 3d 811, 815 (2008). Accordingly, even if Powell had the legal capacity to directly enter into an attorney-client relationship with defendants, he would be prohibited from bringing that cause of action unless he was named as the decedent's personal

representative.

¶ 22 Despite the absence of a direct attorney-client relationship, defendants owed Powell a duty based on his classification as a next of kin in a wrongful death action brought pursuant to the Act. Powell relies on the Illinois Supreme Court's decision in *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), to support his position that an attorney owes a duty to a next of kin in a wrongful death action. Defendants contend that Powell's reliance on *DeLuna* is misplaced because the issue disposed of in *DeLuna* did not address the issue forming the basis of the instant appeal. The issues raised in *DeLuna* mainly addressed the applicability of the statute of repose for legal malpractice claims relating to a wrongful death action, and whether it is tolled while a plaintiff is a minor, on equitable grounds and where the attorney fraudulently concealed facts relating to a viable cause of action. *Id.* at 59-60. In *DeLuna*, the court reiterated the characteristics of an attorney-client relationship, noting particularly that such a relationship constitutes a fiduciary relationship. *Id.* at 77-78. The *DeLuna* court elaborated that, generally, an attorney owes a duty only to his client, but an exception to that rule arises when an attorney is hired specifically for the purpose of benefitting a third party, which occurs in a wrongful death action. *Id.* at 79. The court concluded that the wrongful death action in *DeLuna* was indisputably brought for the benefit of the decedent's next of kin, and the attorney hired by the decedent's special administrator to bring that cause of action owed the next of kin a fiduciary duty. *Id.*

¶ 23 We acknowledge that *DeLuna*'s holding related to a legal malpractice claim in the context of fraudulent concealment of facts, which is not on point with the issue that we now face, but the *DeLuna* court, nonetheless, clearly explained the nature of an attorney's relationship with the next of kin in a wrongful death action. The *DeLuna* court's recognition that the next of kin is the intended beneficiary in a wrongful death action and that the attorney litigating that action owes a fiduciary duty to the next of kin is on point with the instant case, and we must adhere to the general propositions that the Illinois Supreme Court set forth in that case. Accordingly, we find *DeLuna* instructive in the disposition of the case *sub judice*.

¶ 24 We are also guided by the Illinois Supreme Court's decision in *Carter v. SSC Odin Operating Co., LLC*, 2012 IL 113204. Even though *Carter* dealt specifically with the applicability of an arbitration agreement to an action brought under the Act, the court generally analyzed who may bring a claim under the Act and who that claim belongs to based on the Act's language and legislative intent. *Id.* ¶¶ 14, 33. The *Carter* court also provided an overview of the Act. *Id.* The court recognized that a wrongful death action shall be brought in the *name* of the decedent's "personal representative," but the action is for the exclusive benefit of the decedent's next of kin and the personal representative in such a claim is " 'merely a nominal party to this action, effectively filing suit as a statutory trustee on behalf of the surviving spouse and next of kin, who are the true parties in interest.' " *Id.* ¶ 33 (quoting *Glenn v. Johnson*, 198 Ill. 2d 575, 583 (2002)). Applying the commonly recognized principles of statutory construction, the *Carter* court held that although the Act refers to a wrongful death action as an asset of the deceased's estate, a wrongful death action is not treated the same as the other assets of a decedent's estate. *Id.* ¶ 38. In fact, the *Carter* court expressly concluded "that a wrongful-death action is not a true asset of the decedent's

estate." *Id.* ¶ 42. The court reached this conclusion because the amounts recovered in a wrongful death action are not subject to the distribution provisions of the Probate Act similar to decedent's other assets, but are distributed according to section 2 of the Act. *Id.* ¶¶ 38-39.

¶ 25    Although the Illinois Supreme Court's holdings in *DeLuna* and *Carter* do not specifically address the question of whether an attorney owes a duty to a legally disabled next of kin when litigating and distributing recoveries in a wrongful death action, the court's reasoning in those cases provides us with the necessary guidance here to answer that very question. Based on the reasoning and the holdings reached in those cases and the Act's express language, we conclude that an attorney litigates a wrongful death action for the exclusive benefit of the next of kin and owes that party a duty even though the next of kin did not execute a retainer agreement with the attorneys. The established case law in conjunction with the spirit of the Act also supports a conclusion that the duty owed to the next of kin extends to the entire wrongful death action, including distribution of any monies recovered. Moreover, *Carter* establishes that recoveries received in a wrongful death action are not true assets of the deceased's estate because that asset is distributed pursuant to the Act, and not the Probate Act. *Id.*

¶ 26    Defendants claim that *Pelham v. Griesheimer*, 92 Ill. 2d 13 (1982), *Grimes v. Siakley*, 388 Ill. App. 3d 802 (2009), *In re Estate of Lis*, 365 Ill. App. 3d 1 (2006), *Gagliardo v. Caffrey*, 344 Ill. App. 3d 219 (2003), and *Jewish Hospital of St. Louis, Missouri v. Boatmen's National Bank of Belleville*, 261 Ill. App. 3d 750 (1994), are more applicable because those cases addressed an attorney's duty to nonclients, which is Powell's classification. The cases that defendants rely upon, however, are distinguishable from the instant case because those cases do not address the attorney-client relationship in a wrongful death action. Again, as recognized in *DeLuna* and *Carter*, next of kin are intended beneficiaries in a wrongful death action, and, as such, an attorney owes a duty to those individuals even though they did not directly retain the attorney. Moreover, the beneficiaries in a wrongful death action should not be considered the same as individual beneficiaries of a decedent's estate, where a potential conflict of interest may arise between the estate's interest and the interest of each of the beneficiaries of the estate. In the case *sub judice*, the same conflict of interest concerns should be considered irrelevant because Powell is a next of kin and a wrongful death action is brought on behalf of a next of kin. Also, wrongful death settlements are distributed according to the Act's requirements and not through the procedure generally provided for in the administration and distribution of other estate assets. See *Carter*, 2012 IL 113204, ¶¶ 38-39. Having established that an attorney does owe a duty to a next of kin throughout a wrongful death action, we must next consider whether Powell properly alleged facts supporting the existence of a duty in his complaint.

¶ 27    Turning to Powell's complaint, we note that he alleged that defendants represented Perry's next of kin in a wrongful death action, they represented themselves as attorneys for the next of kin and that an attorney-client relationship existed with the next of kin. Powell also alleged, in the alternative, that he was an intended beneficiary of defendants' legal services relating to the wrongful death action. Powell further alleged that the Wunsch defendants, as referring attorneys, had the same legal responsibilities as the Phillips defendants regarding the performance of legal services on behalf of the next of kin relating

-9-

to the second settlement. The complaint further pled that the Phillips defendants drafted and filed the petition seeking the circuit court's approval of the second settlement and to distribute the settlement proceeds. The petition drafted by the Phillips defendants expressly sought an order to distribute 50% of the proceeds to Powell, but the petition did not include a provision that Powell's share should be distributed in accordance with section 2.1 of the Act. Contrary to defendants' assertions, these allegations were not conclusory, but were sufficiently pled to withstand a section 2-615 motion to dismiss.

¶ 28 Powell next contends on appeal that the circuit court erred in dismissing his complaint pursuant to section 2-615 on the basis that he did not adequately plead proximate cause. Powell claims that he sufficiently pled that absent defendants' breach of their duty, a guardian would have been appointed to receive and protect his portion of the settlement proceeds. Defendants respond that Powell failed to allege that "but for" their alleged failure to protect his interests in the settlement, he would have received more money.

¶ 29 To satisfy the proximate cause element in a legal malpractice cause of action, the plaintiff must plead sufficient facts establishing that " 'but for' the attorneys' malpractice, plaintiff would have prevailed in the underlying action." *Preferred Personnel Services, Inc. v. Meltzer, Purtill & Stelle, LLC*, 387 Ill. App. 3d 933, 939 (2009). In Powell's complaint, he brought count I against the Wunsch defendants and alleged that absent their negligent acts, a guardian would have been appointed for his estate to receive and protect his portion of the settlement funds, and because a guardian was not appointed, he was deprived of his portion of the settlement funds. Powell embodied these allegations specifically in reference to the first settlement. We note that the amount allocated to Powell in that settlement was $5,000. Pursuant to section 2.1 of the Act, the probate court's supervision is required for settlement amounts in *excess* of $5,000. 740 ILCS 180/2.1 (West 2008). Because the amount allocated to Powell in the first settlement did not exceed $5,000, the probate court's supervision was not required under section 2.1 of the Act. Accordingly, Powell failed to allege facts establishing proximate cause in count I of his complaint and the circuit court did not err in dismissing this count.

¶ 30 Powell brought count II against the Phillips defendants, John C. Wunsch, P.C., and John C. Wunsch. Powell pled similar factual allegations in this count as in count I; however, this count referred to the second settlement. Unlike the first settlement, the amount allocated to Powell in the second settlement exceeded $5,000 and totaled $118,091.34. Because the settlement amount exceeded $5,000, the probate court should have supervised the administration and distribution of the settlement proceeds allocated to Powell in accordance with section 2.1 of the Act. The trial court, however, misconstrued the gist of the claim when it stated in its written order: "[I]n addition, the plaintiff continues to fail to plead facts which show that but for the Defendants' failure to protect Powell's interests in the settlements, he would have received more money." Plaintiff sufficiently pled the following specific negligent omissions: (1) failing to petition the probate court to appoint a guardian of Powell's estate to receive his share of the settlement; (2) failing to notify the probate court that Leona was receiving his share without probate authority; and (3) failing to protect Powell's interest in the settlement and a failure to protect Powell's interest in the underlying lawsuit when defendants knew or should have known he was unable to protect his own interests. Plaintiff

also pled Powell was deprived of the monies due him as a direct and proximate result of defendants' negligence and, but for their acts or omissions, "Powell would have had a guardian appointed for his estate to receive and protect the monies due him from the Second Settlement Amount." Thus, Powell did, in fact, sufficiently plead the proximate cause element because he alleged that a guardian would have been appointed to protect his interest in the settlement proceeds absent defendants' negligence and he would not have been deprived of the settlement funds. Accordingly, the circuit court erred in dismissing this count from Powell's complaint.

¶ 31 On appeal, defendants contend that we may affirm the circuit court's decision on any grounds appearing in the record and we are not bound by the basis relied upon by the circuit court. The Wunsch defendants also claim that the contentions they set forth in their section 2-619(a)(9) motion to dismiss remain valid and may be considered by this court as a basis to dismiss Powell's legal malpractice counts.

¶ 32 In the Wunsch defendants' section 2-615 motion to dismiss, they stated that "should the Court find that Plaintiff's Fourth Amended Complaint sufficiently states a cause of action, Defendants request leave to file their Motion to Dismiss pursuant to 735 ILCS 5/2-619." Because the circuit court granted the section 2-615 motion to dismiss, the Wunsch defendants did not request leave to file their section 2-619 motion to dismiss and have not filed that motion. Accordingly, the circuit court has not entered a ruling on a section 2-619 motion to dismiss. Although it is true that we may affirm the circuit court's judgment on any basis in the record and need not adopt the circuit court's reasoning, there must first be a judgment entered by the circuit court for this court to affirm. See *Beacham v. Walker*, 231 Ill. 2d 51, 61 (2008) (recognizing that a court of review may sustain a circuit court's *judgment* on any basis supported by the record); see also *Messenger v. Edgar*, 157 Ill. 2d 162, 177 (1993) (stating in part that a reviewing court "is not bound to accept the reasons given by a circuit court for its *judgment* and the *judgment* may be sustained upon any ground warranted" (emphases added)). Because the circuit court did not rule on the section 2-619 motion to dismiss that was not filed, we are not at liberty to dispose of defendants' contentions that they raised on appeal relating to the section 2-619 motion to dismiss.

¶ 33 In sum, a wrongful death action is brought for the exclusive benefit of a decedent's next of kin, and an attorney litigating such an action owes a duty to the next of kin. Defendants owed a duty to Powell because he was identified as a next of kin in a wrongful death action. At this stage of the proceedings, Powell was not required to prove his case, but only to allege sufficient facts to state all of the elements of a legal malpractice cause of action. *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008). Construing the allegations in the complaint liberally, as we are required to do, and in the light most favorable to Powell, we conclude that he sufficiently pled the elements of duty and proximate cause in his complaint regarding count II, and the circuit court erred in dismissing that count from his complaint pursuant to a section 2-615 motion to dismiss. *Id.* The circuit court, however, did not err in dismissing count I because the amount distributed to Powell in the first settlement did not exceed $5,000 and appointment of a guardian was not required pursuant to section 2.1 of the Act. We are not expressing an opinion regarding the merits of Powell's claims or the likelihood of success of his action, but merely conclude that count II of his complaint withstands a section

2-615 motion to dismiss.

¶ 34                                    CONCLUSION

¶ 35      For the reasons stated, we affirm in part and reverse in part the circuit court's grant of defendants' section 2-615 motion to dismiss Powell's complaint and remand for further proceedings consistent with this opinion.

¶ 36      Affirmed in part and reversed in part; cause remanded.