# Illinois Official Reports

## Supreme Court

*In re Estate of Powell*, 2014 IL 115997

| | |
|---|---|
| Caption in Supreme Court: | *In re* ESTATE OF PERRY C. POWELL (a/k/a Perry Smith, Jr.), a Disabled Person (Robert F. Harris, Cook County Public Guardian, Appellee, v. John C. Wunsch, P.C., *et al.*, Appellants). |
| Docket Nos. | 115997, 116009 cons. |
| Filed | June 19, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A wrongful death suit is brought in the name of the decedent's personal representative, but counsel's legal duty when funds are distributed extends to the surviving spouse and next of kin as the statutory beneficiaries of the action, despite the absence of any attorney-client relationship with them—malpractice. |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Kathy M. Flanagan, Judge, presiding. |
| Judgment | Appellate court judgment affirmed. |

| Counsel on Appeal | Daniel F. Konicek, Amir R. Tahmassebi and Thomas J. Long, of Konicek & Dillon, P.C., of Geneva, for appellants Phillips Law Offices, Ltd., and Jill M. Webb. |
| --- | --- |
| | Patricia L. Argentati, Shana A. O'Grady, and Jessica L. Briney, of Mulherin, Rehfeldt & Varchetto, P.C., of Wheaton, for appellants John C. Wunsch, P.C., *et al.* |
| | Mark D. Belongia and Harry O. Channon, of Roetzel & Andress, LPA, of Chicago, for appellee. |
| Justices | JUSTICE FREEMAN delivered the judgment of the court, with opinion. |
| | Chief Justice Garman and Justices Thomas, Kilbride, Karmeier, Burke, and Theis concurred in the judgment and opinion. |

**OPINION**

¶ 1    At issue in this appeal is the scope of an attorney's duty in an action brought pursuant to the Wrongful Death Act (740 ILCS 180/0.01 *et seq*. (West 2012)). Plaintiff, the estate of Perry C. Powell, filed claims for legal malpractice against several attorneys and their law firms as a result of the attorneys' conduct in handling a wrongful death action in which Powell was a beneficiary. The circuit court of Cook County dismissed the legal malpractice counts of plaintiff's complaint, finding that defendants did not owe Powell a duty. The appellate court reversed in part and remanded for further proceedings, finding *inter alia* that defendants owed Powell a duty. 2013 IL App (1st) 121854. This court allowed defendants' petitions for leave to appeal. Ill. S. Ct. R. 315 (eff. July 1, 2013). We now affirm the judgment of the appellate court.

¶ 2                                    I. BACKGROUND

¶ 3    According to plaintiff's complaint, as finally amended, Powell was adjudicated a disabled adult due to severe mental disabilities in 1997. Powell's parents, Perry and Leona Smith, were appointed to serve as co-guardians of Powell's person, but they were not appointed to serve as guardians of his estate. In 1999, Perry died from complications after a surgical procedure. He was survived by his wife Leona and two children, Emma and Powell. Soon thereafter, Leona entered into an attorney-client agreement with defendant law firm John C. Wunsch, P.C., to bring a cause of action against the doctors and hospital that treated Perry. Leona was appointed special administratrix of Perry's estate and in 2001, Wunsch filed a complaint pursuant to the Wrongful Death Act (Act) (740 ILCS 180/2 (West 2012)) on behalf of Leona individually and

- 2 -

as special administratrix of the Estate of Perry Smith.[1] Perry died intestate and his estate's only asset was the wrongful death action.

¶ 4    Two settlements were ultimately reached in 2005. The first settlement, after attorney fees and costs, amounted to $15,000, which was distributed equally between Leona, Emma and Powell, each of them receiving $5,000. The settlement order provided that Powell's share of the settlement was to be paid to Leona on Powell's behalf. Leona placed both her and Powell's share of the settlement into a joint account. The probate court was not notified that Powell was to receive the settlement or that Leona had accepted the settlement on his behalf.

¶ 5    Prior to the second settlement, Wunsch referred the action to Jill Webb, an attorney at Phillips Law Offices. Leona executed an attorney-client agreement with Phillips Law Offices and John C. Wunsch, P.C. to continue litigating the action. As a result of the second settlement, Leona and Powell each received about $118,000. Emma waived her right to receive any monies from the second settlement. A check made payable to both Leona and Powell was given to Leona and she placed both her and Powell's share of the settlement into a joint account. The settlement order did not provide that the amount distributable to Powell was to be administered and distributed under the supervision of the probate court and Powell did not have a guardian of his estate appointed to receive his share. Wunsch purportedly advised Leona and Emma that it was "too much trouble" to go through the probate court to distribute the settlement funds for Powell because every time Leona needed money for Powell, she would have to ask the probate court to release funds for her.

¶ 6    Sometime in 2008, Emma became concerned about Powell's hygiene and well-being after visiting him at Leona's home. She petitioned the probate court to remove Leona as guardian of Powell's person. The probate court granted the petition and appointed Emma as plenary guardian of Powell's person. The probate court also appointed the public guardian as plenary guardian of Powell's estate. The assets in the joint account were frozen and it was subsequently discovered that Leona had withdrawn all but approximately $26,000 from the account. No accounting of the expenditures was ever provided by Leona.

¶ 7    The public guardian filed this action against defendants. The complaint alleged: in count I, professional negligence regarding the first settlement, against John C. Wunsch, P.C., John C. Wunsch, and Jeremy L. Dershow (Wunsch defendants); in count II, professional negligence regarding the second settlement, against Phillips Law Offices, Ltd., Jill M. Webb (Phillips defendants), John C. Wunsch, P.C., and John C. Wunsch; in count III, fraud against Leona; in count IV, breach of fiduciary duty against Leona; and, in count V, unjust enrichment against Leona.

¶ 8    The Wunsch and Phillips defendants filed motions to dismiss the counts against them pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2012)). Both motions alleged that plaintiff's complaint failed to state a cause of action for legal malpractice. The circuit court granted the motions, finding that the complaint failed to sufficiently allege defendants owed Powell a duty and also failed to allege proximate cause.

---

[1]Defendant attorneys John C. Wunsch and Jeremy Dershow litigated the action. The complaint also included a claim under the Survival Act (755 ILCS 5/27-6 (West 2012)) and the Rights of Married Persons Act, commonly referred to as the Family Expense Act (750 ILCS 65/15 (West 2012)). For convenience, we refer to the action as a wrongful death action.

¶ 9        The appellate court reversed in part, finding that the complaint sufficiently alleged defendants owed Powell a duty as an intended beneficiary. The court determined that an attorney retained by a special administrator of an estate to bring a wrongful death action for the benefit of the surviving spouse and next of kin owed a fiduciary duty to those beneficiaries. 2013 IL App (1st) 121854, ¶ 20. It reasoned that since section 2 of the Act specifically provides that the amount recovered in a wrongful death action shall be for "the exclusive benefit of the surviving spouse and next of kin" of the deceased person, the legislative intent of the Act is that the claims brought in such an action are those of the individual beneficiaries. *Id*. ¶ 18. The court further noted that, despite the absence of a direct attorney-client relationship, its determination was supported by the decisions in *DeLuna v. Burciaga*, 223 Ill. 2d 49 (2006), and *Carter v. SSC Odin Operating Co.*, 2012 IL 113204. Regarding proximate cause, the court found that count I, which concerned the first settlement, did not sufficiently allege proximate cause since section 2.1 of the Act only requires the probate court's supervision for settlement amounts in excess of $5,000. 2013 IL App (1st) 121854, ¶ 29. Thus, the court concluded that count I was properly dismissed. However, the court found that count II, which concerned the second settlement that was in excess of $5,000, did sufficiently allege proximate cause in that the probate court's supervision was required to administer and distribute the settlement proceeds allocated to Powell in accordance with section 2.1 of the Act. *Id*. ¶ 30. The court concluded that the circuit court had erred in dismissing count II and remanded the cause to the circuit court for further proceedings. Defendants now appeal to this court.

¶ 10                                    II. ANALYSIS

¶ 11        In this appeal, we determine whether an attorney who brings a wrongful death action owes a legal duty to the decedent's beneficiaries at the distribution of funds phase of the action. Defendants contend that the attorney only owes a duty to the named personal representative of the estate and not the beneficiaries of such an action. They argue that plaintiff's complaint was properly dismissed because plaintiff cannot establish the duty element in his legal malpractice claim. The Wunsch defendants further argue that plaintiff's complaint failed to sufficiently allege proximate cause. Plaintiff maintains that we should uphold the appellate court's determination that an attorney owes a duty to the decedent's beneficiaries and that his complaint sufficiently alleged the elements of duty and proximate cause.

¶ 12        As noted above, the circuit court granted defendants' section 2-615 motions to dismiss and dismissed plaintiff's complaint with prejudice. A motion to dismiss brought pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint. *Vitro v. Mihelcic*, 209 Ill. 2d 76, 81 (2004). When ruling on such a motion, the court must accept as true all well-pleaded facts in the complaint, as well as any reasonable inferences that may arise from them. *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 28 (2004). However, a court cannot accept as true mere conclusions unsupported by specific facts. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). A complaint should be dismissed under section 2-615 only if it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover. *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 421 (2004). The critical inquiry is whether the allegations of the complaint, when construed in the light most favorable to the plaintiff, are sufficient to establish a cause of action on which relief may be granted. *Sheffler v. Commonwealth Edison Co.*, 2011 IL 110166, ¶ 61.

- 4 -

Our review of an order granting a section 2-615 motion to dismiss is *de novo*. *Solaia Technology, LLC v. Specialty Publishing Co.*, 221 Ill. 2d 558, 579 (2006).

¶ 13　　　To state a claim for legal malpractice, a plaintiff must plead and prove that the defendant attorneys owed the plaintiff a duty of due care arising from the attorney-client relationship, that the defendants breached that duty, and that as a proximate result, the plaintiff suffered injury. *Northern Illinois Emergency Physicians v. Landau, Omahana & Kopka, Ltd.*, 216 Ill. 2d 294, 306 (2005). The injury in a legal malpractice action is neither a personal injury nor the attorney's negligent act. *Id*. Rather, it is a pecuniary injury to an intangible property interest caused by the lawyer's negligent act or omission. *Id*. For purposes of a legal malpractice action, the plaintiff is not considered to be injured unless he has suffered a loss for which he may seek monetary damages. *Id*. Even if the attorney's negligence is established, no action will lie against the attorney unless that negligence proximately caused actual damage to the plaintiff. *Id*. at 306-07. Actual damages are never presumed in a legal malpractice action and the plaintiff must demonstrate that he has sustained a monetary loss as a result of the lawyer's negligent act. *Id*. at 307. Damages are considered speculative only if their existence is uncertain, not if the amount is uncertain or yet to be fully determined. *Id*.

¶ 14　　　We first consider whether defendants owed Powell a duty. Whether a legal duty exists is a question of law to be determined by the court. *Ward v. K mart Corp.*, 136 Ill. 2d 132, 140 (1990). Our starting point is the traditional, general rule that an attorney is liable only to his client, not to third persons. *Pelham v. Griesheimer*, 92 Ill. 2d 13, 19 (1982). However, if a nonclient is an intended third-party beneficiary of the relationship between the client and the attorney, the attorney's duty to the client may extend to the nonclient as well. *Id*. at 20-21. The key consideration is whether the attorney is acting at the direction of or on behalf of the client to benefit or influence a third party. *Id*. at 21. We concluded in *Pelham* that "for a nonclient to succeed in a negligence action against an attorney, he must prove that the primary purpose and intent of the attorney-client relationship itself was to benefit or influence the third party." *Id*. This is referred to as the "intent to directly benefit" test. *Id*. at 23.

¶ 15　　　In *Pelham*, we concluded that an attorney, who was hired by a woman for the primary purpose of obtaining a divorce, did not owe a duty to her children who sued the attorney for legal malpractice after their father removed them as beneficiaries from his insurance policy subsequent to the divorce. *Id*. We found that the children were, at best, only incidental beneficiaries of the attorney-client relationship between their mother and her attorney because naming the children as beneficiaries of their father's insurance policy was not the primary reason their mother retained her attorney. *Id*.

¶ 16　　　With these principles in mind, we turn to the provisions of the Act, which govern our resolution of this case. The Act creates a cause of action for pecuniary losses suffered by the deceased's spouse and next of kin by reason of the death of the injured person. 740 ILCS 180/1 *et seq.* (West 2012); see *Carter*, 2012 IL 113204, ¶ 33. Section 2 of the Act provides that every wrongful death action shall be brought by and in the names of the personal representatives of the deceased, but the amount recovered in such action shall be for the "exclusive benefit of the surviving spouse and next of kin" of the deceased. 740 ILCS 180/2 (West 2012). We have characterized the role of a personal representative in a wrongful death action as " 'merely a nominal party to this action, effectively filing suit as a statutory trustee on behalf of the

surviving spouse and next of kin, who are the true parties in interest.' " *Carter*, 2012 IL 113204, ¶ 33 (quoting *Glenn v. Johnson*, 198 Ill. 2d 575, 583 (2002)).

¶ 17    Section 2 of the Act also governs the distribution of any recovery and provides that the amount recovered in such an action shall be distributed "to each of the surviving spouse and next of kin of such deceased person" according to their degree of dependency as determined by the court. 740 ILCS 180/2 (West 2012).

¶ 18    Section 2.1 of the Act concerns the distribution of any recovery and provides that "if proceeds in excess of $5,000 are distributable to a minor or person under legal disability, the court shall allow disbursements and fees to the special administrator and his or her attorney and the balance shall be administered and distributed under the supervision of the probate division of the court if the circuit court has a probate division." 740 ILCS 180/2.1 (West 2012).

¶ 19    This court's prior decisions in *DeLuna* and *Carter* are helpful to our determination of the scope of an attorney's duty in a wrongful death action. In *DeLuna*, although primarily concerned with the application of the legal malpractice statute of repose, we determined that an attorney who was hired to bring a medical malpractice and wrongful death action owed plaintiffs, the decedent's children, a fiduciary duty. *DeLuna*, 223 Ill. 2d at 79. We reasoned that since the wrongful death action was "indisputably brought for [the children's] benefit," the attorney owed the children a fiduciary duty. *Id.* The issue in *Carter* concerned the enforceability of an arbitration agreement rather than the scope of an attorney's duty. However, our opinion examined the provisions of the Act at great length. As previously stated, we recognized that the decedent's spouse and next of kin are the true parties in interest in a wrongful death action, rather than the personal representative who is merely a nominal party. *Carter*, 2012 IL 113204, ¶ 33. Further, we noted that the legislature does not treat a wrongful death action like other assets of the deceased's estate. *Id.* ¶ 38. Rather, amounts recovered in a wrongful death action are not subject to the provisions of the Probate Act of 1975 (Probate Act) (755 ILCS 5/1-1 *et seq.* (West 2012)) but are distributed to the decedent's surviving spouse and next of kin per their degree of dependency. *Carter*, 2012 IL 113204, ¶¶ 38-39.

¶ 20    Considering the language and purpose of the Act, as well as our decisions in *Pelham*, *DeLuna* and *Carter*, we hold that an attorney who brings a wrongful death action owes a legal duty to the decedent's beneficiaries at the distribution of funds phase of the action. As set forth above, the Act creates a cause of action for pecuniary losses suffered by the deceased's spouse and next of kin by reason of the decedent's death. Yet, the decedent's beneficiaries are precluded from pursuing individual actions since a wrongful death action must be brought by and in the name of the personal representative of the deceased. Nevertheless, the Act makes clear that any amount recovered in such an action shall be for the "exclusive benefit" of the surviving spouse and next of kin. Further, the Act provides for distribution among the beneficiaries pursuant to their degree of dependency rather than distributions subject to the provisions of the Probate Act. Clearly, the underlying purpose of a wrongful death action is to compensate those beneficiaries named in the action rather than the decedent's estate. Therefore, the primary purpose and intent of an attorney-client relationship between the personal representative of the deceased and the attorney who brings a wrongful death action is to benefit the decedent's beneficiaries, as we determined in *DeLuna*. Since the beneficiaries named in a wrongful death action are intended beneficiaries of the action rather than merely incidental beneficiaries, as was the case in *Pelham*, the attorney's duty extends to them. The

assertion that an attorney's duty only extends to the personal representative is at odds with the very purpose of the Act and ignores *Pelham*, *DeLuna* and *Carter*.

¶ 21    Defendants contend that the scope of an attorney's duty should not extend to the decedent's beneficiaries because of the "potential for conflicts" that can arise at the distribution phase of the wrongful death action. Defendants maintain that an attorney cannot exercise undivided loyalty to each beneficiary at that stage since each beneficiary's interest is potentially adverse to one another. Nevertheless, defendants did not specifically allege in their motions to dismiss that there was any conflict among the beneficiaries in this case. Defendants have only alleged that the "potential for conflicts" should negate the imposition of a duty. A motion to dismiss "must specify wherein the pleading or division thereof is insufficient." 735 ILCS 5/2-615(b) (West 2012). Since we will not decide an issue that has no bearing on the case before us, we need not address defendant's contention because no specific conflict was alleged here. See *Barth v. Reagan*, 139 Ill. 2d 399, 419 (1990). Additionally, a court of review will not decide moot or abstract questions or render advisory opinions. *People v. Campa*, 217 Ill. 2d 243, 269 (2005). Therefore, we make no determination as to the scope of an attorney's duty in a wrongful death action when a conflict among the beneficiaries is specifically alleged.

¶ 22    Further, in contrast to defendants' contention, we do not view the beneficiaries in a wrongful death action the same as individual beneficiaries of a decedent's estate, where a potential conflict of interest may arise between the estate's interest and the interest of each of the beneficiaries of the estate. A wrongful death action is brought for the exclusive benefit of the beneficiaries who are the true parties in interest as opposed to an action that is brought to benefit the decedent's estate. *Carter*, 2012 IL 113204, ¶ 33.

¶ 23    Having determined that defendants owe Powell a legal duty, we now turn to plaintiff's complaint in this case. The complaint alleged negligence against defendants in counts I and II. Specifically, it alleged that Powell had an attorney-client relationship with defendants or, in the alternative, he was an intended beneficiary of the legal services in the wrongful death action. Plaintiff also alleged that defendants failed to protect Powell's interest in the settlement monies when they knew he was unable to act in his own interest and failed to notify the probate court that he was to receive the first and second settlement amounts and that Leona was accepting the settlement monies on his behalf. The complaint further alleged that defendants drafted and filed the petitions to distribute the settlement proceeds, which did not include a provision that Powell's share should be distributed in accordance with section 2.1 of the Act. These allegations were sufficient to plead the elements of a duty at the distribution of funds phase of the action as well as a breach of that duty for purposes of a section 2-615 motion to dismiss.

¶ 24    We next consider whether plaintiff's complaint sufficiently alleged defendants' acts or omissions proximately caused him injury. To satisfy the element of proximate cause, the plaintiff must plead sufficient facts to establish that "but for" the negligence of the attorney, the plaintiff would not have suffered actual damages. See *Northern Illinois Emergency Physicians*, 216 Ill. 2d at 306-07. Plaintiff's complaint alleged that as a direct and proximate result of the careless and negligent acts or omissions of defendants, Powell would have had a guardian appointed for his estate to protect his interest in the settlement proceeds and would not have been deprived of those funds. As the appellate court noted, Powell's share of the first settlement totaled $5,000, which did not require the probate court's supervision. Section 2.1 of the Act requires the supervision of the probate court only when the proceeds are in excess of

$5,000. Therefore, plaintiff cannot establish that the Wunsch defendants' acts or omissions proximately caused him injury in the form of monetary damages and count I of the complaint was properly dismissed. However, Powell's share of the second settlement totaled about $118,000, which did require the probate court's supervision pursuant to section 2.1 of the Act. Had defendants properly adhered to the provisions in the Act, a guardian for Powell's estate would have been appointed and the proceeds from the second settlement would have been distributed under the probate court's supervision and Powell would not have been deprived of those funds. Regarding count II, the complaint sufficiently alleged that defendants' acts or omissions proximately caused plaintiff actual damages in that he was deprived of the settlement monies he received. We agree with the appellate court that plaintiff's complaint sufficiently pled the proximate cause element and the circuit court erred in dismissing count II of the complaint.

III. CONCLUSION

For the above reasons, we affirm the appellate court's judgment and its remand of the cause to the circuit court.

Appellate court judgment affirmed.