2020 IL App (1st) 192632-U

SECOND DIVISION
June 23, 2020

No. 1-19-2632

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ANNIE JOHNSON and MARK JOHNSON, | ) ) | Appeal from the Circuit Court of |
| Plaintiffs-Appellants, | ) | Cook County. |
| | ) | |
| v. | ) | No. 19 L 07760 |
| | ) | |
| HARBOUR PORTFOLIO VII, LP; NATIONAL ASSET ADVISORS; ATC REO HOLDINGS, LLC; ALTERNA FUNDING I; MTAG ATCF ILLINOIS LLC; DAVID CAMPBELL; CHARLES A. VOSE, III; THOMAS REAVES and TAMMY CALDWELL, | ) ) ) ) ) ) ) | The Honorable Michael F. Otto, |
| Defendants-Appellees. | ) | Judge Presiding. |

_____

PRESIDING JUSTICE FITZGERALD SMITH delivered the judgment of the court.
Justices Lavin and Pucinski concurred in the judgment.

**ORDER**

*HELD*: Trial court did not err in granting defendants-appellees' motion to dismiss the instant cause, as applicable statutes of limitations wholly barred all of plaintiffs-appellants' claims, which were untimely filed.

¶ 1     Following the dismissal of their cause in federal court, plaintiffs-appellants Annie Johnson and Mark Johnson (plaintiffs) filed a complaint at law in the circuit court of Cook County against defendants-appellees Harbour Portfolio VII, LP, National Asset Advisors, ATC REO Holdings, LLC, Alterna Funding I, MTAG ATCF Illinois LLC, David Campbell, Charles A. Vose, III, Thomas Reaves and Tammy Cadwell (collectively, defendants, or as named) with respect to an agreement regarding certain property.  Defendants filed a motion to dismiss the complaint and the trial court granted their motion.  Plaintiffs appeal, *pro se*, contending that the trial court "erred in granting summary judgement for defendants" and asking that we vacate the trial court's decision and "remand this case back to the district court for trial."  For the following reasons, we affirm.

¶ 2                                    BACKGROUND

¶ 3     The following facts are taken from the record on appeal.

¶ 4     Defendants, whose business is, in part, to purchase delinquent real estate taxes, owned property located at 457 163rd Street in Calumet City, Illinois.  According to plaintiffs' complaint, plaintiffs and defendants entered into an oral agreement regarding the property whereby plaintiffs were to make a down payment on the property, move in, and make all necessary repairs to bring the property up to code while defendants were to pay the taxes on the property; then, once all code violations were remedied, plaintiffs were to purchase the property from defendants.  Plaintiffs made a down payment and moved into the property in November 2011.

¶ 5     According to their complaint, plaintiffs began renovations.[1]  Defendants, however, did not pay the property taxes and, in August 2012, a third party purchased the delinquent taxes.

---

[1] The record seemingly indicates a potential dispute (not at issue herein) between the parties as to whether work on the property was done and whether it was done to code and permit requirements specified by Calumet City.

A notice of sale was issued in November 2014, the redemption period expired in July 2015, and defendant ATC REO Holdings, LLC, eventually became the new owner of the property in July 2016. In May 2017, plaintiffs were evicted from the property.

¶ 6 One year later, in May 2018, plaintiffs filed suit against defendants in the United States District Court for the Northern District of Illinois, alleging breach of contract, fraudulent misrepresentation, and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Act) (815 ILCS 505/1, *et seq.* (West 2018)). After briefing, the federal court dismissed plaintiffs' suit. In its Opinion and Order, the court noted that a breach of contract claim regarding any oral contract plaintiffs had with defendants regarding the property would be subject to a five-year statute of limitations, a fraudulent misrepresentation claim would also be subject to a five-year statute of limitations, and any claim under the Act would be subject to a three-year statute of limitations, all to begin when plaintiffs knew or reasonably should have known of the breach (contract claim) and/or of their injury (fraud claim and claim under Act). Reviewing the facts, the court concluded that the date of accrual was August 2012, the date of the tax sale--which was a matter of public record--and not, as plaintiffs alleged, the date of their eviction in May 2017. Thus, because plaintiffs knew or reasonably should have known in August 2012 of defendants' failure to pay the taxes, the court concluded that their May 2018 complaint, filed six years later, came too late under any of the statutes of limitations applicable to their claims. Accordingly, the court dismissed their complaint with prejudice.

¶ 7 What occurred procedurally in this matter following the entry of this Opinion and Order of the federal court is somewhat unclear. Ultimately, there is a document in the record entitled "Final Judgment" issued by the federal court and dated June 2019 which states that

the federal court's judgment is vacated and the cause remanded with instructions to dismiss the case for lack of jurisdiction. In their briefs on appeal, the parties agree that the original Opinion and Order of the federal court was vacated and replaced with this dismissal for lack of federal jurisdiction.

¶ 8 Following the federal court's dismissal for lack of jurisdiction, in July 2019, plaintiffs filed the instant cause against defendants in circuit court. Just as before, their complaint alleged breach of contract, fraudulent misrepresentation and violation of the Act based on the oral contract they formed with defendants in November 2011. In their complaint, plaintiffs acknowledged that the property taxes were not being paid, that a third party bought the delinquent taxes, and that, following the expiration of the redemption period and subsequent sale, a new purchaser took ownership of the property and evicted them. Plaintiffs alleged they were not made aware of the tax purchase and, thus, did not know of any breach, until November 2014 when the notice of sale was issued, and claimed they were misled by defendants throughout their relationship. Defendants, meanwhile, moved to dismiss plaintiffs' complaint. They argued that the suit was barred by statutes of limitation, the doctrine of laches, and the statute of frauds, and they asserted that plaintiffs failed to plead a proper claim under the Act.

¶ 9 The trial court granted defendant's motion in December 2019. While there is no transcript or bystander's report of the accompanying hearing filed as part of the record on appeal, the order entered by the trial court states that "[p]laintiffs' complaint is dismissed WITH PREJUDICE for being filed outside the applicable statutes of limitations." (Emphasis in original.)

¶ 10                                               ANALYSIS

¶ 11        As noted, plaintiffs' sole contention for review is that the trial court "erred in granting summary judgement for defendants." Before proceeding to the merits of this cause, however, we must address several threshold matters with respect to the posture of this appeal. These include the insufficiency of plaintiffs' brief, the contents of the record, the appropriate standard of review, and a critical factual matter upon which plaintiffs have seemingly shifted position. We do so briefly now.

¶ 12        First, and foremost, among these threshold matters is the sufficiency of plaintiffs' brief on appeal. In the plainest of terms, it severely violates several mandates of Illinois Supreme Court Rule (Rule) 341(h) (eff. May 25, 2018) governing the construct and content of appellate briefs and is woefully insufficient. While it does contain appropriate headings entitled "nature of the case," "points and authorities," and "argument," its statement of facts is literally reduced to a scant three sentences—sentences which ignore the entire procedural posture of the case, mention nothing about the very relationship between plaintiffs and defendants at the crux of this appeal (let alone the facts necessary to an understanding of the case), and provide absolutely no citation to any page of the record. See Ill. S. Ct. R. 341(h)(6) (eff. May 25, 2018). Additionally, and apart from a complete failure to describe any legal standard of review, plaintiffs' argument section is nothing more than five short paragraphs detailing random people they contacted when problems arose with the property, scathing defendants for "dragging their feet," and referring to certain exhibits attached to their brief consisting of emails between people whose roles are never described in this appeal and portions of defendants' corporate records from Texas that are, frankly, wholly irrelevant. Not only are there no citations to the record on appeal in this section either, but there are also

absolutely no citations to any case law or legal precedent whatsoever. See Ill. S. Ct. R. 341(h)(7), (g) (eff. May 25, 2018). In other words, plaintiffs assert no legal proposition or basis in support of their claims in the argument section, nor anywhere else in their brief, for that matter.

¶ 13    Compliance with Rule 341(h) is mandatory, and a party's status as *pro se* litigants does not relieve them of their noncompliance with appellate practice rules. See *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8 (compliance with rules governing briefs on appeal is compulsory regardless of a party's status); accord *Ryan v. Katz*, 234 Ill. App. 3d 536, 537 (1992); see also *In re Marriage of Hluska*, 2011 IL App (1st) 092636, ¶ 57 (our supreme court rules, including Rule 341, are not merely advisory suggestions; rather, they are required to be followed). Consequently, where an appellant's brief contains numerous Rule 341 violations and, in particular, impedes our review of the case at hand because of them, it is our right to strike that brief and dismiss the appeal. See *In re Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38 (quoting *Kic v. Bianucci*, 2011 IL App (1st) 100622, ¶ 23 (quoting *Thrall Car Manufacturing Co. v. Lindquist*, 145 Ill. App. 3d 712, 719 (1986)) (ultimately, we are " ' "not a depository in which the appellant may dump the burden of argument and research" ' " for their cause and failure to follow Rule 341 may result in forfeiture of consideration of issues on appeal).

¶ 14    Next, we wish to address a particular comment with respect to the record on appeal as made by defendants. After arguing the main issue herein, namely, whether plaintiffs' claim is barred by the statute of limitations, defendants present some alternative arguments to bolster their position that the trial court's dismissal should be affirmed.[2] At one point, they

---

[2] Finding as we do below with respect to the applicable statutes of limitations, we need not discuss the merits of any of these alternative arguments on appeal.

list five exhibits plaintiffs attach to their brief on appeal and state that "*[n]one* of these exhibits were part of the trial court record and, accordingly, are not properly before this Court now." (Emphasis in original.) These exhibits include documents from the Better Business Bureau,[3] a particular email plaintiffs insist demonstrates a written contract between the parties, and defendant's articles of incorporation. However, we must partially disagree with defendants. The record shows that plaintiffs attached some 17 different exhibits to their complaint when they filed it before the trial court. While the documents from the Better Business Bureau were not attached to their complaint presented to the trial court (though they are found in several other places in the record), the cited email and the articles of incorporation were so attached and, thus, were part of the trial court record. Admittedly, and as we will discuss in more detail below, while defendants are correct that none of these documents has any relevance to the instant appeal, it is only fair that we take issue with their insistence that they were not part of the record because plaintiffs did not present them below. Plaintiffs did include them, and such clarification, though minor and ultimately irrelevant, should nonetheless be made.

¶ 15         Third, and of pertinent legal significance, we must address the appropriate standard of review. This is because plaintiffs frame their one, and only, argument on appeal as an error on the part of the trial court "in granting summary judgement" for defendants. This is the only statement they provide for the proper standard of review and, in light of the procedural posture of this cause, it merits immediate clarification. This cause never proceeded to summary judgment. Rather, and as the record makes clear, the trial court decided this matter

---

[3] From the record, it appears that in August 2017, plaintiffs filed a complaint with the Better Business Bureau regarding this situation, wanted the matter to proceed to arbitration, and some investigation was conducted. Not much else is known about this, however, as there is nothing more in the record other than indications that defendants responded to that complaint, the matter did "move" to the arbitration phase, and the case was ultimately closed.

upon defendants' motion to dismiss, which they filed pursuant to section 2-615 of the Illinois Code of Civil Procedure (Code) (see 735 ILCS 5/2-615 (West 2018)).  Incidentally, plaintiffs titled their objection to defendants' motion to dismiss as their "motion to deny dismissal."  Additionally, even though there is no trial transcript of the hearing or bystander's report included in the record—which was plaintiffs' burden to include—the order entered by the trial court states that it "dismissed" plaintiffs' complaint with prejudice as untimely in light of the statute of limitations.  See *U.S. Bank National Association v. Miller*, 2020 IL App (1st) 191029, ¶ 35 (citing *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)) (burden lies with appellant to provide complete record on appeal).  Thus, and by all accounts, this appeal is taken from the trial court's grant of defendants' section 2-615 motion to dismiss and not, as plaintiffs state in their brief, from a grant of "summary judgement for defendants."

¶ 16     The final threshold matter we wish to address relates to a statement made by plaintiffs at the outset of their argument section in their brief, which is not only in blatant contradiction to the record on appeal, but also critical to this cause.  After having consistently stated, of their own accord and throughout all the legal proceedings and documents filed up to this point, that the agreement at issue between the parties with respect to the property was formed via an oral contract, plaintiffs now insist in their brief, in capital letters no less, that our Court should "honor the ORIGINAL WRITTEN CONTRACT between Plaintiffs *** and Defendants." (Emphasis in original.)  In taking this completely new stance, plaintiffs insist that certain documents "confirm*** that there was a writing [*sic*] contract[ w]hich would void the time bar and [plaintiffs] would be well within the statute of limitations" in filing their complaint against defendants.  They claim these documents are their complaint filed with the Better Business Bureau and a forwarded email from plaintiff Annie Johnson to

plaintiff Mark Johnson which contains the contents of an email from one Michael McLauchlin, bearing the title "Asset Manager" for defendant National Asset Advisors, LLC, addressed to Annie.

¶ 17      However, we have already noted that the Better Business Bureau documents were never presented to the trial court herein and, thus, cannot now be considered. See *Whittmanhart, Inc. v. CA, Inc.*, 402 Ill. App. 3d 848, 852 (2010). And, with respect to the email, there is no indication of a written agreement wherein defendants, neither collectively nor any of them individually, agreed to pay taxes while plaintiffs lived in and renovated the property. What the email, which again, is really a forwarded email from Annie to Mark of an email originally from McLauchlin to Annie, does state is that "two options" were "discussed" by the parties regarding the property, and that "[a]ll the choices will require you [Annie Johnson] to take care of the back taxes that are due." Apart from this, there is no other context provided for this email, and absolutely no discussion therein of any written agreement with respect to the property or its terms. Ultimately, the fact remains, and the record makes clear, that throughout this entire litigation, and all the way up to the point of plaintiffs' appellate brief, plaintiffs have maintained, even in the very complaint they filed in the trial court, that, whatever the agreement between them and defendants entailed, it was an "oral contract," never a written one. The trial court rightly decided the matter based on that essential fact, which plaintiffs proposed and defendants agreed, and plaintiffs cannot, and have no legal or factual basis to, argue that essential fact and switch positions now for the first time before this Court. See *XL Specialty Insurance Co. v. Performance Aircraft Leasing, Inc.*, 2019 IL App (1st) 181031, ¶ 67 (citing *Kravis v. Smith Marine, Inc.*, 60 Ill. 2d 141, 147 (1975)) (issue or theory upon which case is tried in lower court cannot be changed on review; if not

presented below, it cannot be raised for first time, or considered by reviewing court, on appeal).

¶ 18        Having addressed all these threshold matters, we conclude that it is well within our prerogative to dismiss this appeal outright.  See *Epstein v. Galuska*, 362 Ill. App. 3d 36, 42 (2005) (noncompliance with Rule 341 subjects appeal to dismissal); accord *Marriage of Petrik*, 2012 IL App (2d) 110495, ¶ 38.  However, "even in the face of deficient briefs, our jurisdiction over a *pro se* appeal may still be exercised where 'we understand the issue plaintiff intends to raise and especially where the court has the benefit of a cogent brief of the other party.' " *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 48 (quoting *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001)). That is the case here, so we will not dismiss plaintiffs' appeal and, instead, we will address the merits.

¶ 19        With that said, however, we make clear that a motion to dismiss pursuant to section 2-615 of the Code attacks the legal sufficiency of the complaint by alleging defects on its face. See *In re Estate of Powell*, 2014 IL 115997, ¶ 12; *Bunting v. Progressive Corp.*, 348 Ill. App. 3d 575, 580 (2004).  Where, as here, there has been a grant of a section 2-615 motion, we examine the allegations of the complaint in the light most favorable to plaintiffs and accept as true all well-pled facts and reasonable inferences therefrom.  See *Powell*, 2014 IL 115997, ¶ 12; *Bunting*, 348 Ill. App. 3d at 380.  However, if these are not sufficient to state a cause of action upon which relief may be granted, then dismissal of their cause is appropriate.  See *Powell*, 2014 IL 115997, ¶ 12 (dismissal is proper where no set of facts, as apparent from the pleadings, can be proven that would entitle plaintiffs to recover); *Pecoraro v. Balkonis*, 383 Ill. App. 3d 1028, 1033 (2008); see also *Visvardis v. Eric P. Ferleger, P.C.*, 375 Ill. App. 3d

719, 724 (2007) (to survive dismissal, complaint must allege facts that set out all essential elements of cause of action). Our review follows a *de novo* standard. See *Powell*, 2014 IL 115997, ¶ 12 (appeal from dismissal pursuant to section 2-615 is reviewed *de novo*). Additionally, where, as here, the record on appeal does not include a transcript or bystander's report for the proceeding at issue, we presume the trial court's grant of defendants' motion to dismiss was supported by the law and facts and, thus, was proper. See *Masters Transportation, Inc. v. G&P Auto Parts, Inc.*, 2020 IL App (1st) 191075, ¶ 15; accord *Jackson v. Mount Pisgah Missionary Baptist Church Deacon Bd.*, 2016 IL App (1st) 143045, ¶ 60 (appellants bear burden of providing sufficient record and in absence thereof, it is presumed that order entered by trial court is in conformity with law and facts; any doubt arising therefrom will be resolved against appellants).

¶ 20    Based on the record before us, and with these legal concepts in mind, we find that the trial court properly dismissed plaintiffs' cause of action here pursuant to section 2-615, as their claims are time-barred.

¶ 21    "[A] statute of limitations governs the time within which lawsuits may be commenced after a cause of action accrued." *DeLuna v. Burciaga*, 223 Ill. 2d 49, 61 (2006). The purpose of statutes of limitations is to encourage diligence in bringing suit. See *Sundance Homes, Inc. v. Count of Du Page*, 195 Ill. 2d 257, 265-66 (2001). Once a statute of limitations has expired, however, the principles of finality and certainty must take over, and a defendant has the right to invoke the bar of the limitation period as a defense. See *Sundance Homes*, 195 Ill. 2d at 267-68. Then, just as no legislative action can revive a cause of action barred by a rule of limitation, neither may a trial court revive a cause not timely filed. See *Sundance Homes*, 195 Ill. 2d at 268.

¶ 22    In the instant cause, plaintiffs' complaint asserted breach of contract, fraud and violation of the Act. Respectively, the statute of limitations for breach of an oral contract is five years (see 735 ILCS 5/13-205 (West 2018)), for fraud related to property is likewise five years (see 735 ILCS 5/13-205 (West 2018)), and for violation of the Act is three years (see 805 ILCS 505/10a(e) (West 2018)). The taxes on the property at issue were sold to a third party in a public sale of record that took place on August 2012. Plaintiffs, however, did not file their complaint in the circuit court until July 2019, almost seven years later. Accordingly, the applicable statutes of limitations bar each one of their claims.

¶ 23    In their brief, plaintiffs assert that they were not made aware of the tax sale, and did not know of any breach, until December 2014 when they were personally contacted by a "Mr. Mac" via email.[4] From this, we ascertain that plaintiffs argue, essentially, that the discovery rule applies to toll the applicable statutes of limitations and, thus, using that December 2014 date as the commencement point, their July 2019 complaint was timely filed within the statues of limitations applicable to at least their breach of oral contract[5] and fraud claims.

¶ 24    Plaintiffs would be correct to cite the discovery rule. That is, a cause of action accrues, and a statute of limitations does not begin to run, until the party seeking relief knows or reasonably should have known of an injury and that it was wrongfully caused. See *Belleville Toyota, Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 199 Ill. 2d 325, 347 (2002); accord *Clay v. Kuhl*, 189 Ill. 2d 603, 608 (2000). This does not mean, however, that we must wait until the party seeking relief knows the full extent of his injuries before the statute of limitations is

---

[4] This is notably different than their initial assertion in federal court that they did not know of any breach until they were evicted in May 2017, and their later assertion in circuit court that they did not know of any breach until the notice of sale was issued in November 2014.

[5] Again, and as we have already discussed, to the extent that plaintiffs insist there was a written contract and, thus, that a 10-year statute of limitations would instead apply (see 735 ILCS 5/13-206 (West 2018)), such an argument cannot stand, as it is wholly inconsistent with their position at trial.

triggered. Rather, it begins to run when the party is injured and not when the party realizes the full consequences of the injury. See *Khan v. Deutsche Bank AG*, 2012 IL 112219, ¶ 22 (to hold otherwise contradicts the purpose of statutes of limitations). Accordingly, even under the discovery rule, once it is determined that the injured party knows or reasonably should know of the injury and that it was wrongfully caused, the burden then moves to that injured party to inquire further as to the possible existence of a cause of action, and the period of limitations begins to run. See *Khan*, 2012 IL 112219, ¶ 20.

¶ 25 We cannot agree with plaintiffs that the accrual date here would be December 2014, the supposed date of an email from a certain "Mr. Mac."[6] Instead, we find the accrual date to be August 2012. It was then that a public sale of the delinquent taxes on the property in question took place. At that point, and as that was a public, recorded event, plaintiffs knew or should have known that they had a claim here, namely, that defendants had not paid the property taxes and had failed to do so allegedly in violation of the oral contract between the parties. The sale was not hidden or secretive; it was public, and it put plaintiffs on notice that the property taxes had not been paid. It is then that plaintiffs should have known they had a potential claim pursuant to their alleged agreement with defendants. Therefore, even considering the discovery rule, the statutes of limitations applicable to the three claims plaintiffs made in their July 2019 complaint began to run in August 2012, rendering each of those claims time-barred.

¶ 26 Ultimately, then, based on the record before us, we hold that the trial court properly granted defendants' motion to dismiss the instant cause with prejudice, as each of the claims therein was filed outside the applicable statutes of limitations.

---

[6] Plaintiffs' brief does not fully describe who Mr. Mac is nor his relationship to the events of this cause.

¶ 27                                CONCLUSION

¶ 28        Accordingly, or all the foregoing reasons, we affirm the judge of the trial court.

¶ 29        Affirmed.