2022 IL App (1st) 210619-U

No. 1-21-0619

Order filed May 19, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| GRUND & LEAVITT, P.C., | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 164 |
| | ) | |
| RICHARD STEPHENSON, | ) | Honorable |
| | ) | Margaret A. Brennan, |
| Defendant-Appellee. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appellate court affirms the circuit court's dismissal with prejudice of the law firms' action against former client for breach of contract based on the client's refusal to pay the fee enhancement provision of the parties' retainer agreement because the unspecified price term of the fee enhancement provision, which provision does not give the court a practicable and objective method to determine that price, is too indefinite to enforce.

¶ 2    Plaintiff, the law firm of Grund & Leavitt, P.C. (Grund), sued its former client, defendant

Richard Stephenson, for breach of contract to enforce the fee enhancement provision of the hourly-

rate based fee of their retainer agreement. The circuit court dismissed Grund's complaint with prejudice on the ground that the fee enhancement provision was an unethical contingent fee agreement in a divorce case, in violation of the Illinois Rules of Professional Conduct of 2010 (Rules of Professional Conduct), and thus unenforceable as a matter of public policy.

¶ 3    This court reversed the circuit court's dismissal of Grund's complaint, ruling that the circuit court failed to consider all the necessary factors, including the results achieved, to determine whether Grund was entitled to any additional fees beyond its hourly fees, which additional fees must satisfy the reasonableness requirement. This court remanded the cause to the circuit court to consider defendant's motion to dismiss in its entirety.

¶ 4    On remand, defendant renewed his motion to dismiss Grund's complaint pursuant to section 2-619.1 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619.1 (West 2020)). The circuit court granted that motion and dismissed Grund's breach of contract complaint with prejudice. The court ruled that the fee enhancement provision of Grund's retainer agreement was invalid and unenforceable because the price term was not specified and the court had no practicable and objective method to determine that term. The court also ruled, based on an exercise of discretion under section 508(c)(3) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/508(c)(3) (West 2020)), that Grund was not entitled to any additional fees because Grund was sufficiently compensated for the work it performed and requiring defendant to pay any additional amounts was unreasonable and unjust.

¶ 5    On appeal, Grund argues, *inter alia*, that the circuit court erred as a matter of law by dismissing its complaint because the court incorrectly exercised its discretion to determine the reasonableness of Grund's fees and costs under section 508(c)(3) of the Marriage Act, but that

section of the Marriage Act applies to attorney fee petitions filed within the underlying divorce action and, thus, was not relevant to Grund's common law, breach of contract action, which raises a question of fact for the jury.

¶ 6    For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 7                                          I. BACKGROUND

¶ 8    In 2009, Alicia Stephenson filed for divorce from defendant. In 2015, defendant hired Grund and its partner David Grund to represent him. Mr. Grund presented defendant with an advance payment retainer engagement agreement, which defendant signed. Under the agreement, defendant was required to pay fees and costs in advance, in increments of $100,000. Grund would send defendant monthly bills for work performed on the basis of specified hourly billing rates for attorneys and paralegals on the case. When the billed hourly charges and costs exhausted the current retainer amount, defendant was required to replenish the retainer. The hourly fee schedule attached to the fee agreement provided that Mr. Grund would charge at $750 per hour and his partner, Alyssa Mogul, would charge at $500-$550 per hour depending on the nature of her work.

¶ 9    The agreement also specified that at the conclusion of the representation, Grund would send defendant a "final bill" providing for a fee enhancement to be paid to the firm "in addition to the hourly rates" already paid. This fee enhancement would be set unilaterally by Grund, and payment was mandatory. This fee enhancement would take

> "into account various factors, *** as delineated in the Illinois Rules of Professional
>
> Conduct (adopted by the Illinois Supreme Court) as being relevant considerations to be

---

[1] In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

included in arriving at a fair and reasonable charge. Such factors include the time and labor required, the novelty and difficulty of the questions involved, the skill requisite to perform the legal services properly, and whether unique expertise of any [Grund] attorney was utilized; whether acceptance of the particular employment precluded other employment by the firm; the amounts involved and the results obtained; the time limitations imposed by the Client or by the circumstances ***; and the experience, reputation, and ability of the lawyer or lawyers performing the services."

¶ 10    In September 2017, the Circuit Court of McHenry County issued a decision resolving the Stephensons' property, maintenance and fee disputes. From August 2015 to April 2018, Grund billed defendant for 8,550 hours of professional time. The total amount of fees charged on an hourly basis was $3.74 million. Defendant paid all of Grund's invoices issued prior to April 2018.

¶ 11    On April 26, 2018, Grund emailed defendant the "final bill," which consisted of two parts. First, it contained hourly charges for the months of March and April 2018. Second, it demanded a fee enhancement payment of $9.75 million in addition to all hourly fees paid. Grund denominated the bonus payment as "Pursuant to Advance Payment Retainer Engagement Agreement dated August 2, 2015." Grund gave no other explanation for the $9.75 million charge on the bill. Defendant refused to pay the $9.75 million fee enhancement.

¶ 12    In October 2018, Grund sued defendant for breach of contract in the lawsuit at issue in this appeal. The complaint was based on defendant's refusal to pay Grund's fee enhancement under the "final bill" provision.

¶ 13    Defendant moved the court to dismiss the complaint under section 2-619.1 of the Code. His motion under section 2-615 of the Code (735 ILCS 5/2-615 (West 2020)), argued that (1) the

contract was too indefinite to enforce because it did not specify a price for the final bill fee enhancement nor a practicable, objective method of determining that price, (2) the contract was unreasonable and unethical under Rule 1.5(a) of the Rules of Professional Conduct (eff. Jan. 1, 2010) because it gave unbridled discretion to Grund to determine its own fee enhancement under the final bill provision and the factors Grund considered in determining the fee enhancement had already necessarily been taken into consideration in setting Grund's hourly rates, and (3) the complaint failed to plead any facts supporting the application of the Rule 1.5(a) factors to Grund's fee enhancement.

¶ 14     Defendant's motion under section 2-619 of the Code (*id*. § 2-619) argued that the easily ascertainable facts showed that the $9.75 million fee enhancement, which amounted to over a 2.6 multiple of the $3.74 million hourly fee already charged, was unreasonable and unethical under Rule 1.5(a).

¶ 15     In 2019, the circuit court dismissed the complaint with prejudice without ruling on defendant's arguments. Instead, the court ruled that the fee agreement was "at least partially, contingent on the outcome of the divorce proceedings, in violation of Rule 1.5(d) of the Rules of Professional Conduct (eff. Jan. 1, 2010) because the fee agreement added a fee enhancement that considered various factors including the amounts involved and the results obtained. Thereafter, the court denied Grund's motion to reconsider this ruling. Grund appealed.

¶ 16     In July 2020, this court reversed the circuit court's ruling on the contingent fee issue and ruled that consideration of the "results obtained" in assessing the final bill did not render the agreement one for a contingent fee. *Grund & Leavitt, P.C. v. Stephenson*, 2020 IL App (1st) 191074, ¶¶ 30-31. This court remanded the case to the circuit court to

"consider [defendant's] motion to dismiss in its entirety; including but not limited to the alternative grounds raised in the motion concerning the specification of a key term, the method of determining that key term, and the reasonableness and enforceability of the final bill given the factors it is to consider and [defendant's] payment of significant hourly bills based on those factors." *Id.* ¶ 32.

¶ 17    On remand, defendant again moved the court to dismiss Grund's complaint under section 2-619.1 of the Code (735 ILCS 5/2-619.1 (West 2020)). His section 2-615 motion argued that (1) the contract was too indefinite to enforce because it did not include the key term—the price of the enhanced fee—or any objective or practicable method to ascertain the price, (2) the contract was unreasonable and unethical under Rule 1.5(a) of the Rules of Professional Conduct because it (a) improperly purported to arrogate to the lawyer the unilateral power to demand whatever price the lawyer chose after the fact, and (b) explicitly required defendant to pay a second fee based on the same factors that were already accounted for in the hourly charges, and (3) the complaint failed to plead any facts supporting the application of the Rule 1.5(a) factors to Grund's bonus fee. Defendant's 2-619 motion argued that the final bill was unreasonable and unethical as a matter of law because it represented a large multiplier of the hourly fees Grund had already charged.

¶ 18    In 2021, the circuit court granted defendant's motion to dismiss Grund's complaint with prejudice, ruling that the fee enhancement provision of the parties' retainer agreement was neither valid nor enforceable because the price term was too indefinite, Grund's method for obtaining that price term by considering certain factors only increased the contract's ambiguity, and defendant could not reasonably have agreed to give Grund the sole discretion to determine the value of each factor. The court also ruled, based on an exercise of discretion under section 508(c)(3) of the

Marriage Act, that it was unjust and unreasonable to require defendant to pay Grund any additional amount, let alone an unconscionably excessive enhanced fee of $9.75 million, considering that defendant had already paid Grund $3.75 million in attorney fees.

¶ 19    Grund timely appealed.

¶ 20                                II. ANALYSIS

¶ 21    Under section 2-619.1 of the Code (*id.* § 2-619.1), a party may combine a section 2-615 motion to dismiss (*id*. § 2-615) with a section 2-619 motion to dismiss (*id*. § 2-619). *Henderson Square Condominium Ass'n v. LAB Townhomes, LLC*, 2015 IL 118139, ¶ 32. A motion to dismiss brought under section 2-615 challenges the legal sufficiency of a complaint by alleging defects apparent on its face. *In re Estate of Powell*, 2014 IL 115997, ¶ 12. A dismissal is proper under section 2-615 only when "it is clearly apparent from the pleadings that no set of facts can be proven that would entitle the plaintiff to recover." *Id.*

¶ 22    In contrast, a motion to dismiss brought under section 2-619 admits the legal sufficiency of the complaint but asserts that certain external defects or defenses defeat the claims therein. *Sandholm v. Kuecker*, 2012 IL 111443, ¶ 55. When reviewing either type of motion to dismiss, the circuit court must accept all well-pled facts in the complaint as true, as well as any reasonable inferences from those facts. *In re Estate of Powell*, 2014 IL 115997, ¶ 12; *Sandholm*, 2012 IL 111443, ¶ 55. In addition, the pleadings must be viewed in the light most favorable to the nonmoving party. *Doe v. Chicago Board of Education*, 213 Ill. 2d 19, 23-24 (2004). When the plaintiff attaches an instrument, such as a contract, to a pleading, that instrument becomes part of the pleading for purposes of any motion based upon the pleadings. *Bajwa v. Metropolitan Life Insurance Co.*, 208 Ill. 2d 414, 431 (2004). We review a dismissal pursuant to section 2-615 or

section 2-619 *de novo*. *Lutkauskas v. Ricker*, 2015 IL 117090, ¶ 29; see also *Bituminous Casualty Corp. v. Iles*, 2013 IL App (5th) 120485, ¶ 19 (under *de novo* review, the reviewing court performs the same analysis a trial judge would perform and gives no deference to the judge's conclusions or specific rationale). This court "may affirm on any basis appearing in the record, whether or not the trial court relied on that basis and whether or not the trial court's reasoning was correct." *Jackson v. Hehner*, 2021 IL App (1st) 192411, ¶ 27.

¶ 23    Grund argues that the circuit court misapplied section 508(c)(3) of the Marriage Act to wrongly conclude that the determination of reasonable attorney fees and costs was within the court's discretion because 508(c)(3) of the Marriage Act applies to attorney fee petitions filed within a divorce proceeding. Here, in contrast, Grund has filed a breach of contract claim, which raises a factual question about the reasonableness of Grund's claimed fees to the jury as the fact-finder. See *Wildman, Harrold, Allen & Dixon v. Gaylord*, 317 Ill. App. 3d 590, 597 (2000) ("the reasonableness of attorney fees in a common law breach of contract action presents a question to be resolved by the trier of fact, following a fair and impartial trial).

¶ 24    Grund also argues that the circuit court violated the well-established principles of section 2-615 of the Code by looking outside the four corners of the complaint to the affidavit of defendant's lawyer, and thereby usurped the function of the jury when the court found that Grund was sufficiently compensated for its work and the additional amounts Grund sought were unreasonable under the circumstances because defendant already had paid a "staggering" $3.74 million in fees to resolve his divorce.

¶ 25    In addition, Grund argues that the circuit court erroneously used only the lodestar method to make its improper factual determinations that Grund was sufficiently compensated and the

additional amounts Grund sought were unreasonable under the circumstances. According to Grund, the court's sole use of the lodestar method (*i.e.*, the number of hours billed) violated this court's mandate on remand to consider all the criteria listed in the enhanced fee provision, which included the skill and standing of the attorneys, the difficulty of the questions in issue, the amount and importance of the subject matter, the degree of responsibility involved in the management of the case, the usual and customary charge in the community, the benefits resulting to the client, and the attorney being precluded from taking other cases or losing any business.

¶ 26 Moreover, Grund argues the circuit court erred when it concluded that the fee enhancement provision of the parties' retainer agreement was too indefinite. Grund contends the provision provided a practicable and objective method to determine Grund's enhanced fee by considering the same criteria used by both Rule 1.5(a) of the Rules of Professional Conduct and *In re Marriage of Malec*, 205 Ill. App. 3d 273, 287 (1990), to determine a reasonable fee.

¶ 27 The fundamental question that governs the determination of this cause is whether the fee enhancement provision of the parties' retainer agreement was sufficiently definite and certain and therefore enforceable. See *Midland Hotel Corp. v. Reuben H. Donnelley Corp.*, 118 Ill. 2d 306, 314 (1987) ("A contract will be enforceable if the material terms of the contract are definite and certain."). "The terms of a contract will be found to be definite and certain, and therefore the contract enforceable, if a court is able to ascertain what the parties have agreed to, using proper rules of construction and applicable principles of equity." *Id*. Where it is apparent from the terms of a contract itself that it is unenforceable or unreasonable on its face, a court should dismiss a complaint for its breach under section 2-615. *Signapori v. Jagaria*, 2017 IL App (1st) 160937,

¶¶ 15, 28; *Leavitt Co. v. Plattos*, 27 Ill. App. 3d 598, 603 (1975); *Solar Textiles Co. v. Fortino*, 46 Ill. App. 2d 436, 443 (1964).

¶ 28    In order for a contract to exist, there must be an offer, acceptance, and consideration. *Halloran v. Dickerson*, 287 Ill. App. 3d 857, 867-68 (1997). To make a contract enforceable, "the agreement must also be sufficiently definite so that its terms are reasonably certain and able to be determined." *Id.* at 868. In other words, the agreement's provisions must enable the court to determine what exactly the parties have agreed to. *Universal Scrap Metals, Inc. v. J. Sandman & Sons, Inc.*, 337 Ill. App. 3d 501, 504-05 (2003). One such critical term is the price, and it "must be sufficiently definite or capable of being ascertained from the parties' contract." *Crestview Builders, Inc. v. Noggle Family Limited Partnership*, 352 Ill. App. 3d 1182, 1185 (2004). "A contract may be enforced even though some contract terms may be missing or left to be agreed upon, but if the essential terms are so uncertain that there is no basis for deciding whether the agreement has been kept or broken, there is no contract." *Academy Chicago Publishers v. Cheever*, 144 Ill. 2d 24, 30 (1991).

¶ 29    To meet the definiteness requirement, the parties must provide " 'a practicable, objective method for determining this price or compensation, not leaving it to the future will of the parties themselves' " *Fries v. United Mine Workers of America*, 30 Ill. App. 3d 575, 582 (1975) (quoting 1 Arthur Corbin, Corbin on Contacts § 97 (1963)). "Practicable" means "1: capable of being put into practice or of being done or accomplished: FEASIBLE 2: capable of being used: USABLE." Merriam-Webster's Dictionary (10th ed. 1998).

¶ 30    A contract must be construed in light of the contract language as a whole, interpreting the contract language according to its plain, ordinary and popular meaning. A contract also should be

construed in a manner that renders it enforceable rather than void, and giving effect, to the extent possible, to all contractual provisions. *Braye v. Archer-Daniels-Midland Co.*, 175 Ill. 2d 201, 217 (1997); *O'Rourke v. Access Health, Inc.*, 282 Ill. App. 3d 394, 404 (1996). Whether the terms of an alleged contract are sufficiently definite and certain is a question of law. *Mansourou v. John Crane, Inc.*, 248 Ill. App. 3d 963, 968 (1993).

¶ 31    Grund's fee enhancement provision of its retainer agreement fails for indefiniteness, and thus Grund's complaint to enforce this contract provision is subject to dismissal with prejudice under section 2-615 of the Code. Grund's enhanced fee provision contained no price term and no practicable or objective method for determining that price. Instead, it provided that only Grund would unilaterally determine the price after the fact by looking at the criteria in Rule 1.5(a) of the Rules of Professional Conduct, weighing those factors itself, and then sending defendant a "final bill" that he "shall" pay. The Rule 1.5(a) factors are not useful or meaningful to the client in determining what price he will ultimately be required to pay because, other than the hours spent on the work, the factors are inherently subjective and pertain to a field of endeavor in which the client has no expertise. Moreover, there is no formula for weighing these subjective factors, and Grund unilaterally weighs the subjective factors.

¶ 32    We reject Grund's contention that its fee enhancement provision is clear, certain and free from ambiguity and doubt because courts use the same Rule 1.5(a) criteria to determine the reasonableness of fees before fee agreements with attorneys are enforced. Although courts use Rule 1.5 to determine a reasonable fee in fee petition and *quantum meruit* cases (see *Wildman, Harrold, Allen & Dixon*, 317 Ill. App. 3d at 594, 601 (discussing the difference between fee petition cases and breach of contract claims), the case at issue here involves a written contract

between a lawyer and client, so the court must first determine whether the contract is enforceable at all—*i.e.*, whether the price term is explicit or subject to practicable, objective determination. The Rule 1.5 criteria are not arbitrary or unreasonable when applied to an agreement with a definite price term. But the same criteria do not give the court a practicable, objective method to determine the price term with sufficient definiteness to create an enforceable contract in the first place. Here, the fee enhancement provision does not provide any objective or practicable method for the court to determine the parties' agreed upon price term. Instead, the provision leaves entirely to Grund's discretion what enhanced fee to charge.

¶ 33    Grund and defendant did not enter into an agreement regarding the fee enhancement provision because its open-ended terms were too indefinite to allow a meeting of the minds. Certainty is a fundamental contractual requirement; the minds of the parties must have met, and the terms must be sufficiently definite for a contract to come into existence. While the court may supply some contractual terms, it cannot make a contract.

¶ 34    We conclude that Grund's breach of contract complaint was properly dismissed with prejudice under section 2-615 of the Code because Grund's fee enhancement provision lacked a sufficiently definite price term or a practicable and objective method for the court to determine that term consistent with the parties' meeting of the minds. Based on our decision that Grund's fee enhancement provision is not enforceable, we need not address Grund's other arguments about the circuit court's improper exercise of discretion under section 508(c)(3) of the Marriage Act, whether the circuit court improperly considered evidence outside the four corners of Grund's complaint, or the circuit court's use of the lodestar method. Also, we need not address defendant's

alternative grounds for affirming the circuit court's judgment granting his motion to dismiss with prejudice.

¶ 35                                    III. CONCLUSION

¶ 36    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 37    Affirmed.