# Illinois Official Reports

## Appellate Court

***Masters Transportation, Inc. v. G&P Auto Parts, Inc.*, 2020 IL App (1st) 191075**

| | |
|---|---|
| Appellate Court Caption | MASTERS TRANSPORTATION, INC., MICHAEL D. CANULLI, and JAMES H. VENN, Plaintiffs and Counterdefendants-Appellants, v. G&P AUTO PARTS, INC., d/b/a Target Auto Parts #4, Defendant and Counterplaintiff-Appellee. |
| District & No. | First District, Sixth Division<br>No. 1-19-1075 |
| Filed<br>Rehearing denied | March 27, 2020<br>June 8, 2020 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 18-M4-35; the Hon. Robin D. Shoffner and the Hon. Ieshia E. Gray, Judges, presiding. |
| Judgment | Dismissed for want of jurisdiction. |
| Counsel on Appeal | Michael D. Canulli, of Naperville, for appellants.<br><br>Joseph R. Lemersal, of Steven M. Shaykin, P.C., of Rolling Meadows, for appellee. |

JUSTICE HARRIS delivered the judgment of the court, with opinion.
                    Presiding Justice Mikva and Justice Cunningham concurred in the
                    judgment and opinion.


# OPINION

¶ 1      This appeal concerns a replevin action by plaintiffs Masters Transportation, Inc. (Masters), Michael Canulli, and James Venn against defendant G&P Auto Parts, Inc., and a counterclaim by defendant for breach of contract and unjust enrichment. Following an evidentiary hearing, the trial court denied plaintiffs' replevin claim, and defendant voluntarily dismissed its counterclaim. On appeal, plaintiffs contend that the denial of replevin relief was erroneous and that the trial court erred in excluding certain rebuttal evidence in the evidentiary hearing. Defendant contends that this court lacks jurisdiction because plaintiffs did not timely file their notice of appeal. For the reasons stated below, we dismiss this appeal for want of jurisdiction.

¶ 2      Plaintiffs filed their complaint for replevin in January 2018, alleging that Masters owned four buses subject to a bank lien, with Canulli and Venn as personal guarantors of the related loan. Plaintiffs alleged that defendant took possession of one bus in December 2015, and the other three buses in May 2017, the latter after Canulli informed defendant that Masters was going out of business. While defendant had taken possession of Masters' buses previously to repair them, plaintiffs alleged that defendant took and maintained possession of the buses in question to compel Masters, Canulli, and Venn to pay defendant's bills for maintenance and repair work. Plaintiffs alleged that Masters unsuccessfully requested the return of its buses, that defendant informed Masters of its intent to sell the buses at auction in February 2018, and that the buses were not taken "under any lawful process." Plaintiffs sought return of the buses or $150,000 in damages for their alleged value, plus damages for loan payments made upon the buses while not in Masters' possession, plus court costs and attorney fees.

¶ 3      Defendant filed its answer and affirmative defenses in March 2018, admitting that it took possession of the buses but alleging that it did so with Masters' consent and that defendant had a statutory lien and a common law repairman's lien upon the buses from maintaining and repairing them. Defendant alleged that it gave the requisite written notice to Masters and the bank before exercising its liens and that it sold three of the buses in March 2018 pursuant to its liens. Defendant alleged that Masters did not have a superior interest in the buses for purposes of a replevin claim and that defendant's liens were superior to the bank's security interests in the buses.

¶ 4      Defendant also filed a counterclaim in March 2018, alleging that it maintained and repaired buses for Masters pursuant to an agreement with Masters but that Masters had not paid all of defendant's bills for such work. Defendant alleged that Canulli and Venn were personally liable because Masters "did not follow the typical corporate protocols and procedures necessary to provide limited liability to the shareholders of said corporation." Defendant sought damages of $109,660.34, plus court costs.

¶ 5      On May 2, 2018, the circuit court set the case for a hearing on the replevin complaint for May 30, 2018, and the record indicates that the case was set for "trial" on that day. While the record does not include a transcript of proceedings for May 30, the extensive written closing arguments of plaintiffs and defendant referred to an evidentiary hearing or trial, with evidence

taken, on the replevin complaint. In the course of written closing arguments, plaintiffs filed a motion to reconsider the exclusion of certain rebuttal evidence at the evidentiary hearing.

¶ 6 On October 24, 2018, the court issued an order dismissing the replevin complaint, denying the replevin action and the motion to reconsider the exclusion of rebuttal evidence, and entering judgment in favor of defendant. The court made findings in support of its dispositions, including that defendant had statutory and common law liens on the buses at issue so that it had a superior right of possession. The court continued defendant's counterclaim to November 21, 2018.

¶ 7 On November 21, 2018, plaintiffs filed a motion to reconsider the rebuttal evidence motion and the court's ruling on lien priority and filed a separate motion for discovery, sanctions, and dismissal of the counterclaim.

¶ 8 On November 27, 2018, defendant filed a motion to voluntarily dismiss its counterclaim.

¶ 9 On November 28, 2018, the court entered an order granting the voluntary dismissal motion and declaring "[t]his is a final order that disposes of this case in its entirety." The order recited that the case was before the court on the voluntary dismissal motion, with no reference to plaintiffs' November 21 motions. The computerized docket entries for November 28 include the granting of defendant's motion to dismiss its counterclaim and the denial of a motion by plaintiffs. The handwritten docket entry for November 28 has no information beyond the judge's name.

¶ 10 In March 2019, plaintiffs filed a motion for a ruling on their November 2018 motions.

¶ 11 On April 23, 2019, the court issued an order denying "all pending motions of plaintiff" and stating that "a short explanation of [the court's] ruling would be provided." The court issued another order that day, reciting that its order of November 28, 2018, disposed of the entire case and noting that the court clerk's entry for that day showed the denial of plaintiffs' motion. The court stated that "defense counsel indicates to this court that it is his recollection that [the court] had a detailed hearing on plaintiff's pending motions at the time and denied both pending motions on November 28, 2018."[1] The court also noted that it had no transcript for November 28 and that plaintiffs filed no motions from then until their March 2019 motion. The court expressly held that "plaintiff's motions are duplicative, untimely and have been previously ruled on by" the court and specifically found that the motion to reconsider the denial of rebuttal evidence was denied on October 24, 2018, while the motions to reconsider the court's ruling on lien priority, for discovery, and to dismiss the counterclaim were denied on November 28, 2018, because the voluntary dismissal of the counterclaim rendered plaintiffs' motion to dismiss the counterclaim moot.

¶ 12 Plaintiffs filed their notice of appeal on May 23, 2019.

¶ 13 A notice of appeal must be filed within 30 days of a final judgment or of an order disposing of a timely filed motion directed against a final judgment. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 14 Here, the court disposed of plaintiffs' replevin complaint and motion regarding rebuttal evidence on October 24, 2018, in an order that made clear that the counterclaim was still pending. Plaintiffs filed various motions on November 21, 2018, including a motion to dismiss

---

[1]A different judge was presiding over the court in April 2019 than had presided in November 2018 and earlier.

the counterclaim and another motion regarding rebuttal evidence, while defendant filed its motion to voluntarily dismiss its counterclaim on November 27, 2018. The court granted the voluntary dismissal on November 28, 2018, in an order expressly disposing of the entire case but not expressly disposing of plaintiffs' November 2018 motions. Plaintiffs then filed a motion in March 2019 and filed their notice of appeal within 30 days of the disposition of that motion.

¶ 15 We find that the record bears out the trial court's April 2019 express finding that it disposed of plaintiffs' November 2018 motions in November 2018, despite the fact that the court's written order of November 28, 2018, did not expressly refer to plaintiffs' motions. Specifically, docket entries show that the court disposed of at least one of plaintiffs' pending motions on November 28. Conversely, while the handwritten docket entry for that date does not reflect any disposition of any matter, the order of that date clearly disposed of at least the voluntary dismissal so that the handwritten docket is of no use to us either way. Lastly, while the record does not include a transcript for the November 28 proceedings, we presume when faced with an incomplete record that the trial court's rulings were supported by the law and facts. *Wackrow v. Niemi*, 231 Ill. 2d 418, 428 n.4 (2008); *Vance v. Joyner*, 2019 IL App (4th) 190136, ¶ 82. We therefore conclude that the November 2018 order was a final disposition, as it states that there was nothing pending for the trial court to rule upon when plaintiffs filed their March 2019 motion, and that the May 2019 notice of appeal was filed well over 30 days from the November 2018 final judgment so that it did not vest this court with jurisdiction.

¶ 16 Dismissed for want of jurisdiction.