2026 IL App (1st) 241590-U

No. 1-24-1590

Order filed March 26, 2026

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DEANDRE SIMMONS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 24 L 1575 |
| | ) | |
| COOK COUNTY SHERIFF, PRIVATE STATE'S | ) | |
| ATTORNEY GRIFFIN, PRIVATE STATE'S | ) | |
| ATTORNEY HASTLER, PRIVATE STATE'S | ) | |
| ATTORNEY KEVIN, INTELLIGENCE AGENCY | ) | |
| LARRY C. RANSOM, and FBI TOKIO, | ) | Honorable |
| | ) | Kathy M. Flanagan, |
| Defendants-Appellees. | ) | Judge presiding. |

JUSTICE LYLE delivered the judgment of the court.
Presiding Justice Navarro and Justice Quish concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the trial court's dismissal of plaintiff's amended complaint for failure to
         state a claim.

¶ 2    Plaintiff-appellant, Deandre Simmons, appeals *pro se* from the trial court's order

dismissing his amended complaint against defendants-appellees, Cook County Sheriff (Sheriff),

Private State's Attorney Griffin, Private State's Attorney Hastler, Private State's Attorney Kevin, Intelligence Agency Larry C. Ransom, and FBI Tokio for failure to state a claim pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)).[1] On appeal, Simmons challenges the dismissal. We affirm the judgment of the circuit court of Cook County.

¶ 3                                    BACKGROUND

¶ 4      The record on appeal comprises one volume of the common law record and lacks a report of proceedings. The following background is derived from the common law record.

¶ 5      On February 14, 2024, Mr. Simmons filed *pro se* complaint against defendants. The cover sheet identified the action as one for medical malpractice, intentional tort, administrative review, fraud, and property damage. The text of the complaint also named Facebook and YouTube as defendants and alleged "stalking, harassment, slander, illegal terrigation [*sic*], illegal investigation, illegal video on the internet." The remainder of the complaint is difficult to decipher but appears to allege, *inter alia*, a government conspiracy and that the government monitored or experimented on Mr. Simmons, which caused him and his family "emotional stres [*sic*]." On the same day, the trial court struck the complaint for failing to state a cause of action and granted Mr. Simmons leave to file an amended complaint.

¶ 6      On March 12, 2024, Mr. Simmons filed an amended complaint, consisting of a handwritten "attachment" that included difficult-to-decipher allegations and a copy of a California opinion reversing the dismissal of a suit for failure to state a cause of action. He again alleged that he was being stalked and experimented on by the government.

---

[1] In Mr. Simmons' handwritten filings in the trial court, the name "Griffin" is spelled in a variety of ways. We adopt the spelling from the caption of the original complaint.

¶ 7    On March 18, 2024, Mr. Simmons filed an emergency motion asserting he was still being harassed and stalked. Mr. Simmons also filed a motion requesting the judge obtain records from the East Moline Prison and Loretto Hospital, where Mr. Simmons had been an inmate and patient, respectively. Mr. Simmons attached several documents, including partial medical records that are out of order and missing pages. According to one medical report from January 6, 2023, Mr. Simmons believed a medical device was placed in his head that read his thoughts and broadcasted them to YouTube. An MRI report identified no foreign objects in his head. Another report indicated that Mr. Simmons believed he was being monitored by an "AI agency" through Facebook and YouTube. A report from May 18, 2023, indicated that Mr. Simmons experienced hallucinations.

¶ 8    On March 25, 2024, at a hearing on the emergency motion, the trial court noted that Mr. Simmons failed to serve the defendants with his motion. The court continued the matter and directed Mr. Simmons to serve them.

¶ 9    On May 17, 2024, the Sheriff filed an appearance. Then, on July 2, 2024, the Sheriff filed a section 2-615 motion to dismiss the action with prejudice. In the motion, the Sheriff argued that Mr. Simmons failed to plead any relevant facts or seek any relief from the court. On August 5, 2024, the trial court granted the Sheriff's motion to dismiss with prejudice. The court explained that neither the original nor amended complaint stated grounds for relief. On August 6, 2024, Mr. Simmons filed his notice of appeal.

¶ 10                                   ANALYSIS

¶ 11      We note that we have jurisdiction to consider these matters, as Mr. Simmons filed a timely notice of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 12      Mr. Simmons argues the trial court erred by dismissing his amended complaint and requests that this court reverse the judgment.

¶ 13      On February 26, 2025, this court entered an order on its own motion taking the appeal on the record and appellant's brief only as the appellees failed to file a brief on appeal within the time prescribed by Illinois Supreme Court Rule 343(a) (eff. July 1, 2008). *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133 (1976).

¶ 14      Mr. Simmons filed a brief using the Illinois Supreme Court's approved *pro forma* appellant brief. However, his brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct 1, 2020), which provides mandatory procedural rules that govern the content and format of appellate briefs. *Voris v. Voris*, 2011 IL App (1st) 103814, ¶ 8. For example, the section labeled "statement of facts" consists of a series of disjointed and difficult-to-decipher statements on a variety of topics. Ill. S. Ct. R. 341(h)(6) (eff. Oct. 1, 2020) (statement of facts "shall contain the facts necessary to an understanding of the case, stated accurately and fairly without argument or comment, and with appropriate reference to the pages of the record on appeal"). Similarly, his argument section is unclear, and he fails to address the motion to dismiss or cite any relevant law. See Ill. S. Ct. R. 341(h)(5), (7) (eff. Oct. 1, 2020) (requiring identification of relevant statutes and an argument section containing "the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on").

¶ 15 This court will not be more lenient with *pro se* litigants, who must comply with the same rules of procedure as other litigants. *Gillard v. Northwestern Memorial Hospital*, 2019 IL App (1st) 182348, ¶ 45. Supreme court rules are not mere suggestions, and we may strike a brief and dismiss an appeal for failure to comply with the rules. *North Community Bank v. 17011 South Park Ave., LLC*, 2015 IL App (1st) 133672, ¶ 14. Though doing so is within our discretion (*Gillard*, 2019 IL App (1st) 182348, ¶ 45), we choose not to impose that harsh sanction here.

¶ 16 As noted, however, the record consists only of one volume of the common law record and no report of proceedings. Mr. Simmons, as the appellant, bears the burden of presenting a sufficient record so that this court may determine whether there was the error he claims. *Maniscalco v. Porte Brown LLC*, 2018 IL App (1st) 180716, ¶ 30. Claims regarding the trial court's factual findings and the bases for its legal conclusions "obviously cannot be reviewed absent a report or record of the proceeding." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005).

¶ 17 Despite this deficiency in the record, we may still review the trial court's dismissal decision on the merits because, in this situation, "the report of proceedings providing the rationale for the trial court's dismissal is not essential" to this court's *de novo* review of a ruling on a motion to dismiss. *Friedl v. Airsource, Inc.*, 323 Ill. App. 3d 1039, 1042 n.2 (2001). However, any doubt arising from the record's incompleteness will be construed against Mr. Simmons. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 392 (1984); see also *Masters Transportation, Inc. v. G & P Auto Parts, Inc.*, 2020 IL App (1st) 191075, ¶ 15 ("we presume when faced with an incomplete record that the trial court's rulings were supported by the law and facts").

¶ 18 Section 2-615 motions to dismiss attack the legal sufficiency of the complaint raising defects apparent on its face. *Pooh-Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473

(2009). In reviewing a dismissal under section 2-615, this court accepts all well-pleaded facts and reasonable inferences as true. *Id*. However, we cannot accept as true any conclusions which are unsupported by specific factual allegations. *Cook Au Vin, LLC v. Mid-Century Insurance Co.*, 2023 IL App (1st) 220601, ¶ 19. A section 2-615 motion should be granted only where it is clear from the pleadings that no set of facts can be proven which would entitle the plaintiff to recover. *In re Estate of Powell*, 2014 IL 115997, ¶ 12. We review orders granting section 2-615 motions *de novo*. *Rice v. Marathon Petroleum Corp.*, 2024 IL 129628, ¶ 22.

¶ 19    Based upon our review of the amended complaint, Mr. Simmons failed to allege facts sufficient to bring a claim within a legally recognized cause of action. Mr. Simmons made numerous assertions in his amended complaint, which included that the government is experimenting on him, the government was harassing him using a device implanted in his brain, and claims of stalking. However, he failed to sufficiently plead or identify a cause of action upon which relief may be granted. Moreover, portions of the medical records he attached to his emergency motion refute his claims, such as his belief that the government implanted devices in his brain.

¶ 20    To survive a section 2-615 dismissal, Mr. Simmons had to allege facts that set out all essential elements of a cause of action, which he did not do. Consequently, the trial court properly dismissed the amended complaint because Mr. Simmons failed to present legally and factually sufficient claims for which relief may be granted or to plead facts which bring his claims within a legally recognized cause of action. *Chandler v. Illinois Central R.R. Co.*, 207 Ill. 2d 331, 348 (2003).

¶ 21                                    CONCLUSION

¶ 22    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

¶ 23    Affirmed.